**Charles Joseph Lee JONES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19595.**

United States Court of Appeals District of Columbia Circuit.

Feb. 16, 1966.

Mr. Arthur J. Whalen, Jr., Washington, D. C. (appointed by this court) was on the pleadings for appellant.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Dean W. Determan, Asst. U. S. Attys., were on the pleadings for appellee.

Before BAZELON, Chief Judge, and BURGER and McGOWAN, Circuit Judges, in Chambers.

PER CURIAM.

ORDER

On further consideration of appellant's motion for reduction of bail or for release on personal recognizance pending appeal, of the supplemental record on appeal herein subsequent to remand, of the supplemental motion for reduction of bond, of appellee's opposition to the motions, and of appellant's reply it is

Ordered by the court that the aforesaid motion be granted, and appellant is admitted to bail upon his filing in this court or the United States District Court for the District of Columbia, of a bond in the sum of Five Thousand ($5,000) Dollars with surety to be approved by the Clerk of the Court in which said bond is filed, or upon deposit of said amount with the Clerk of the District Court, in cash or bonds or notes of the United States, and executing a bond for his appearance, pursuant to Rule 46(d) of the Federal Rules of Criminal Procedure; appellant's bond to be conditioned upon the following:

(1) Such release shall be subject to the provisions of Title 18 United States Code § 3146;

(2) Appellant shall surrender himself forthwith to the custody of the United States Marshal for the District of Columbia when properly called upon to do so, to be dealt with and proceeded against in his case according to law, in case the judgment appealed from in his case shall be affirmed, or the appeal be for any cause dismissed, or the judgment be reversed and a new trial ordered, or further order of this court be entered revoking or vacating this order;

(3) Appellant shall, immediately upon his release on bond, report to the Probation Officer of the United States District Court for the District of Columbia;

(4) Appellant shall, pursuant to the discretion and direction of the said Probation Officer, report to him or his designated deputy at such times and such manner as said Probation Officer provides, subject to the same conditions applicable to probationers under his supervision.

The aforesaid Probation Officer is requested to promptly inform this court of any matters which may come to his attention during such supervision that may

adversely affect appellant's right to remain on bail.

BAZELON, Chief Judge:

The District Court granted bail and set bond in the amount of $10,000. Appellant then moved in this court for reduction to $5,000. Since no reasons had accompanied the District Court's initial order, we held the motion in abeyance and remanded the record so that the District Court might advise us as to why it had found appellant a fit subject for bail and not a danger to the community, but had nevertheless set bond in an amount which the record indicated appellant could not meet. (See order dated January 4, 1966). Thereupon the Government moved the District Court to vacate its previous order and deny bail altogether, which motion was granted over appellant's opposition. Once again, the trial court gave no reasons for its action.

Under such circumstances, I would ordinarily remand the case and once again request the District Court to advise as to the "reasons and considerations" for its denial of bail. "Both fairness to the appellant and this court's role in bail administration require the District Court to state its reasons for denying bail." Hansford v. United States, 353 F.2d 858 (Oct. 29, 1965) (dissenting opinion). And, where no reasons are given, "the decision cannot be accorded the weight it would otherwise merit." Rhodes v. United States, 275 F.2d 78 (4th Cir. 1960).

However, since Judge Burger would deny bail and Judge McGowan would grant bail in the amount of $5,000, I join with Judge McGowan solely for the purpose of reaching a decision in the case.

BURGER, Circuit Judge (dissenting):

Appellant, who is not a resident in this jurisdiction, seeks release on his own personal recognizance or on bail pending determination of his appeal. He was indicted for second degree murder and the jury returned the verdict of manslaughter. On the basis of the record before us, he presents no non-frivo-lous question. More important, however, is the fact that he has now been convicted of a serious crime of violence and has a prior conviction in another jurisdiction.