**Vance L. WOOD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21496.**

United States Court of Appeals
District of Columbia Circuit.

Jan. 19, 1968.

---

Mr. Verginald L. Dolphin, Washington, D. C. (appointed by the District Court) was on the brief for appellant.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief for appellee.

Before BURGER, LEVENTHAL and ROBINSON, Circuit Judges, in Chambers.

PER CURIAM:

Appellant was indicted for housebreaking, assault with a dangerous weapon, and robbery, and is awaiting trial on these charges. A judge of the Court of General Sessions, acting on a Bail Agency report and recommendation, denied release on personal recognizance and set bail at $10,000. That order was reviewed pursuant to 18 U.S.C. § 3146(d) (Supp. II, 1965–66) by another General Sessions

judge, the first being unavailable, and the $10,000 bail requirement was kept. The following reasons were given:

"Well, this is a very serious matter; robbery at gun point. I don't think there is sufficient showing here for me to reduce the bond in this case, the defendant being a user of narcotics for a period of fifteen years. I think it's been my experience that narcotics users are not too reliable, not too credible. I know he has several convictions of narcotics: in 1963 he was convicted of the Harrison Narcotics Act and received four years. He is not employed, he has lived on and off for a period of one year with his mother, father and two brothers, which doesn't give him too much stability. Based on his past record and insufficient community ties, and the fact that he is a narcotics user, I'll not change the conditions of release."

■ Following the proper statutory procedure, appellant then moved the District Court to exercise its discretion to amend the conditions of release, and to grant release on personal recognizance. This the District Judge declined to do, although he did lower bail from $10,000 to $5,000. Appellant appeals that order,[1] as he is totally without funds and cannot raise that amount any more than he can $10,000.

■ The Government urges that the District Judge's order is not ripe for review by this court pursuant to 18 U.S.C. § 3147(b) (Supp. II, 1965–66), contending that appellant must first avail himself of the opportunity of review under 18 U.S.C. § 3146(d) (Supp. II, 1965–66), giving the District Judge who amended the order opportunity to give written reasons for so doing, and for continuing the denial of release on personal recognizance. We think this contention plainly foreclosed by the language of 18 U.S.C. § 3147(b) (Supp. II, 1965–66). Subsection (b) grants a right of appeal to persons detained after *either* "(1) a court denies a motion under subsection (a) [2] to amend an order imposing conditions of release," (in which case twenty-four hour review is required in accordance with the language of § 3147 (a),[3] or "(2) conditions of release have been imposed or amended by a judge of the court having original jurisdiction over the offense charged * * *." Appellant comes within (b) (2), and no requirement exists that written reasons be sought prior to appellate review.

*Turning to the merits,* the Government contends that the District Judge's order is "supported by the proceedings below," and should be affirmed. On the state of the record before us we believe it appropriate, in the interest of justice and in view of the recent bail law, to remand the case for further consideration.

■ The Bail Reform Act creates a strong policy in favor of release on personal recognizance, and it is only if "such a release would not reasonably assure the appearance of the person as required" that other conditions of release may be imposed. Even then, the statute in 18 U.S.C. § 3146 creates a hierarchy of conditions, one of the least favored of which is a requirement of bail bond. In considering what, if any, conditions shall be imposed the judge shall consider various factors relevant to the probability of flight, and one factor is "his record of appearance at court proceedings or of flight to avoid prosecution or failure to

---

1. The Government suggests that this appeal might not be timely because it was not taken within ten days, as required by Rule 37 of the F.R.Crim.P. We need not consider the applicability of Rule 37, or any related problems of finality in this case. The same District Judge whose order is appealed herein granted appellant petition for leave to appeal *in forma pauperis*. As 18 U.S.C. § 3146(e) provides that the Judicial Officer imposing conditions of release may at any time amend his own order, the Judge's granting of an appeal can be taken as a reaffirmance of his prior order, and, in that event, under any standard, appeal is timely.

2. 18 U.S.C. § 3147(a) (Supp. II, 1965–66).

3. Shackleford v. United States, 127 U.S. App.D.C. 285, 383 F.2d 212 (1967).

appear at court proceedings." While we are informed by counsel that appellant has always appeared in connection with prior criminal proceedings against him, and there have been at least twelve over the past thirteen years, the record is silent as to whether appellant was on conditional release and appeared voluntarily in those proceedings. It is that silence which troubles us.

■ We do not think that under the Bail Reform Act a determination that money bail is required is appropriate unless the court at least ascertains the conduct of defendant when previously released on conditions, and whether the defendant previously abided by conditions imposed on him in prior proceedings. Consistent appearance when flight is possible is an important indicator of whether a defendant is likely to appear once again. Here, the General Sessions judge gave as his reason for denying recognizance and maintaining bail, a belief, no doubt amply justified by experience, that narcotic users are generally untrustworthy. But in matters of bail, "each accused is entitled to any benefits due to his good record," Stack v. Boyle, 342 U.S. 1, 9, 72 S.Ct. 1, 6, 96 L.Ed. 3 (1951) (Opinion of Jackson, J.). While appellant's record is by no means felicitous, it may be that he personally poses little risk of flight. We see no reason why there should not be included in the record before the court, as a matter of course, information concerning any prior conditional releases and subsequent appearance, information we think is clearly contemplated by the statute. If it is not possible to obtain any such information, one way or the other, that should be set forth.

■ This is by no means a ruling that release on personal recognizance must be allowed if a defendant, or the appellant before us, has consistently adhered to the terms of past releases. Evaluating the competing considerations is a task for the commissioner or judge in the first instance, and then the judges of the District Court (where they have original jurisdiction over the offense)

have a broad discretion to amend the conditions imposed, or to grant release outright, if they feel that the balance has been improperly struck. Here there were many considerations arguing against release on recognizance—the offense is serious, appellant is unemployed, has no stable family life, and is a narcotics user with a criminal record. However, while imposition of bail might well be properly ordered after our remand, we think any such decision will be based on an approach more in keeping with the statutory mandate.

Remanded.