Franklyn WEAVER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22172.

United States Court of Appeals
District of Columbia Circuit.

Oct. 4, 1968.

Mr. Raymond W. Russell, Washington, D. C. (appointed by this court) was on the motion for appellant. Mr. Alan F. Wohlstetter, Washington, D. C. (appointed by this court) also entered an appearance for appellant.

Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Richard A. Hibey, Asst. U. S. Attys., were on the opposition to the motion.

Before BAZELON, Chief Judge, McGOW-AN and ROBINSON, Circuit Judges.

### ORDER

PER CURIAM.

On consideration of appellant's motion for release on bond pending appeal and of appellee's opposition thereto, it is

Ordered by the Court that the record herein be remanded to the District Court for further proceedings in accordance with the attached opinion. This Court retains jurisdiction in this case and the Clerk of the District Court immediately upon the completion of the remand proceedings shall return the record on appeal supplemented by said proceedings.

The Clerk of this Court is directed to issue forthwith a certified copy of this order to the District Court.

PER CURIAM:

Appellant was convicted of robbery under D.C.Code § 22–2901 (1967). Until his sentencing, he remained free from custody on a $2000 bond. His applica-

tion to the District Court for release pending appeal was denied on grounds not declared. Appellant has now renewed his motion before this court. We remand for a statement of the reasons for which release was refused in the District Court.

Even prior to the enactment of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.* (Supp. III, 1965–1967), and the adoption of the Federal Rules of Appellate Procedure, which went into effect on July 1, 1968, it had been clearly enunciated that a District Judge in denying a motion for release pending appeal should state in writing his reasons for such an action.[1] This requirement has now been explicitly reiterated by the Appellate Rules. Fed.R.App.P. 9. In both pretrial and postconviction requests for bail, Rule 9 requires that, upon a denial of release or the imposition of conditions of release, the District Court "shall state in writing the reasons for the action taken."[2] The Advisory Committee's Note to Rule 9 makes it clear that this requirement is no minor technicality.

The District Judge's reasoning must be delineated both out of fairness to the appellant and as an aid to this court in its role in bail administration.[3] Application for release must generally first be made to the District Court,[4] and we ordinarily give deference to the District Judge's decision.[5] If no reason for that action is given, it "cannot be accorded the weight it would otherwise merit."[6]

When the District Judge, who has had a much closer relationship to the individual appellant, has presented us with his findings,[7] and when counsel has provided us with the factual data required by D.C. Cir. Rule 17(e),[8] we will be better situated to render a fair view of the merits of appellant's motion.

The Bail Reform Act provides three instances in which release pending appeal may be denied: (1) when the appeal is frivolous or taken for delay, (2) when appellant poses a danger to another person or to the community, or (3) when appellant may flee the jurisdiction. 18 U.S.C. § 3148 (Supp. III, 1965–1967). The District Judge should indicate not only which one or more of these reasons has prompted him to deny release, but should also delineate the basis for his utilization of such reason or reasons. If he deems the appeal frivolous, he should state the considerations, legal and factual, which led him to that conclusion.[9] If he views appellant's release as posing a risk of danger or flight, he should point to those factors in the record which foreshadow such a possibility. He should also inquire concerning available financial and nonfinancial conditions of release and offer reasons why they do not "assure that the person will not flee or pose a danger to any other person or to the community." 18 U.S.C. § 3148 (Supp. III, 1965–1967). Only when these reasons are spelled out can an appellant intelligently renew his motion before this court; and only then can this court fairly review the merits. Since the District Judge has already fully considered the merits, the additional task of articulating his reasons should pose no burden. As the delay caused by the

1. *See* Jones v. United States, 123 U.S. App.D.C.. 176, 358 F.2d 543 (1966); Rhodes v. United States, 275 F.2d 78 (4th Cir. 1960).

2. *See also* 18 U.S.C. 3146(d) (Supp. III, 1965–1967).

3. Jones v. United States, 123 U.S.App. D.C. at 177, 358 F.2d at 544.

4. Fed.R.App.P. 9.

5. *See* Di Candia v. United States, 78 S.Ct. 361 (1958) (Harlan, Circuit J.); Herzog

v. United States, 75 S.Ct. 349 (1955) (Douglas, Circuit J.); Rhodes v. United States, 275 F.2d 78 (4th Cir. 1960).

6. Jones v. United States, 123 U.S.App. D.C. at 177, 358 F.2d at 544.

7. *See* Herzog v. United States, 75 S.Ct. at 350.

8. *See also* Fed.R.Crim.P. 46(c).

9. *See* Davis v. Clark, 131 U.S.App.D.C. ——, 404 F.2d 1356 (Sept. 19, 1968).

need for this remand well illustrates, compliance with Rule 9 will furthermore help to promote the speedy resolution of the request for bail. In any event, Rule 9 is clear and direct in its command, and we are not disposed to undercut its policies by generally dispensing with its observance.

Because our present review of the record has left us with several uncertainties regarding the merits of appellant's request for release, we hold the motion in abeyance and remand the record to the District Judge in order that he may enter a statement of his reasons pursuant to Rule 9.