UNITED STATES of America,

v.

Archie BLYTHER, Jr., Appellant.

No. 22345.

United States Court of Appeals
District of Columbia Circuit.

Decided Jan. 16, 1969.

See also, D.C., 274 F.Supp. 8.

Mr. Peter N. Lalos, Washington, D. C. (appointed by this court) was on the motion for appellant.

Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and James A. Treanor, III, Asst. U. S. Attys., were on the opposition to the motion.

Before: BAZELON, Chief Judge, and FAHY, Senior Circuit Judge.

## ORDER

PER CURIAM.

On further consideration of appellant's motion for release on personal recognizance pending appeal, of appellee's opposition thereto and of the supplemental record on appeal herein, it is

Ordered by the Court that appellant's aforesaid motion is denied for the reasons set forth in the attached opinion.

PER CURIAM:

There is before us appellant's motion for release on personal recognizance pending his appeal. His appeal is from a conviction of carrying a dangerous weapon after conviction of a felony.[1] The District Court denied such relief.

Paying deference to the action of the District Court, see Weaver v. United States, 131 U.S.App.D.C. ——, 405 F.2d 353, decided October 4, 1968, considered with appellant's record, including the present conviction and his failure to comply with prior probation and release requirements, it is our opinion that no one or more conditions of release will reasonably assure that appellant will not pose a danger to any other person or to the community if released pending the appeal. See 18 U.S.C. § 3148. We accordingly deny appellant's motion.

---

1. This is a violation of 22 D.C.Code § 3204, which reads in pertinent part as follows: Whoever violates this section shall be punished as provided in section 22–3215, unless the violation occurs after he has been convicted * * * of a felony, * * * in which case he shall be sentenced to imprisonment for not more than ten years.

FAHY, Senior Circuit Judge:

Our order seeking clarification by the District Court of one of the principal reasons given by it for its action, followed by that court's Further Statement filed in response, has caused an importance to be attached to the case which prompts some further comments by me.

The Further Statement of the District Court carries the unfortunate implication that we thought the court should have granted bail pending appeal. This is a mistaken implication. The crime of which appellant was convicted, the circumstances surrounding it, and appellant's previous record, were adequate grounds for denial of bail. Where a crime of which one has been convicted has involved the unlawful possession or use of arms this court, in passing upon applications for bail pending appeal, has shown a keen awareness of the danger to the community. A contrary implication from our previous order in this case not only was unfortunate but, I say with respect, raised an extraneous issue and was unjustified.

We could have acted entirely de novo and denied bail upon the basis of our own appraisal of the record. Russell v. United States, 131 U.S.App.D.C. 44, 402 F.2d 185 (1968). It is preferable, however, in a matter of this kind, to defer to the judgment of the District Court. See Weaver v. United States, 131 U.S.App. D.C. ——, 405 F.2d 353, decided October 4, 1968. Were we to follow that course in this case it was thought not inappropriate first to seek clarification of one of the principal reasons the court had assigned for its action; for the record did not seem to show that appellant's criminal record, serious as it was, included "numerous acts of violence" as the District Court stated.[1] A difference

of opinion about this did not furnish a basis for either incorrectly imputing to this Court an intention to release appellant pending his appeal, or unjustly imputing to this court any failure to protect the interests of the community.

The serious crime situation in the community, and the frustrations which may arise from it, is hardly ground for unjust implications of this sort by a judge in responding to the request we made even if he deemed the request unnecessary. More harm than help to the community is the consequence.

---

1. We took this to mean the actual use of violence. The record in this case does disclose that appellant, who is now 33 years of age, committed a yoke robbery when a juvenile. There is a conviction for contributing to the delinquency of a minor. Though indeed serious it is not carried on the record so as to appear as an act of violence. An alternative charge could have been brought if violence had used, or appellant no doubt would have been charged with statutory rape if the authorities felt the circumstances of the case called for this more serious charge.