**William BANKS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22358.**

United States Court of Appeals District of Columbia Circuit.

Decided May 26, 1969.

---

Mr. Wallace Luchs, Jr., Washington, D. C., was on the motion for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., at the time the motion for bail was filed, with whom Mr. David G. Bress, U. S. Atty., at the time the motion for bail was filed, was on the opposition to the motion, for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

### ORDER

PER CURIAM.

On consideration of appellant's motion for release on personal recognizance, the appellee's opposition thereto, appellant's presentence report, the District Judge's statement of reasons for denying release, appellant's supplemental statement in support of his motion, and the District Judge's comments concerning appellant's supplemental statement, it is

Ordered by the court that appellant shall be released on the following condi-

tions pending the resolution of his appeal:

1. Appellant shall appear in the District Court and sign an unsecured appearance bond in the amount of $500.

2. Appellant shall be accompanied at this execution by Miss Jane Comerford, of the Offender Rehabilitation Project, who is to supervise appellant while he is released on bail pending appeal by regularly checking with appellant's employer and his residence head. Miss Comerford is to report monthly to the District Court concerning appellant's behavior on release. She is to immediately notify the District Court of any matters which come to her attention during her supervision of appellant which may adversely affect his continued release on bail.

3. Upon release, appellant is to obtain employment. Continued employment is a condition of his release. Miss Comerford is directed to inform appellant's employer that he is to notify Miss Comerford if appellant fails at any time to report for work as scheduled.

4. Appellant is to reside at Shaw Residence, 1770 Park Road, N.W. Mr. Gilbert Brown of Shaw Residence is to immediately notify Miss Comerford if appellant fails to return before curfew. A condition of release is continued residence at Shaw and full compliance with its curfew and other rules.

5. Appellant shall not leave the Washington Metropolitan area without the permission of the District Court.

6. Appellant shall surrender forthwith to the custody of the United States Marshal for the District of Columbia when properly called upon to do so, to be dealt with and proceeded against in his case according to law.

7. Such release shall be subject to the provisions of 18 U.S.C. §§ 3146 & 3150. Section 3150 provides criminal penalties for an individual released on bail who fails to appear before any court or judicial officer as required.

The District Court is empowered, if subsequent events should so warrant, to alter any of the above conditions of release or to revoke bail.

PER CURIAM:

William Banks presently stands convicted of robbery and assault with a deadly weapon. [1] The jury found a taxicab driver and his passenger to have been robbed at gun- and knifepoint by three individuals who took from them slightly more than $100 in money and personal property. Appellant Banks was identified as one of the three assailants, and his appeal presents a substantial claim that he was wrongly identified.

▉ The District Court denied release pending appeal on the ground that appellant would pose "a great danger to the community" because the holdup for which he was convicted was "of the most brutal sort." For bail pending appeal, as opposed to pretrial release in noncapital cases, the individual's potential for danger to the community upon release is a permissible consideration.[2] The standards for posttrial release are accordingly stricter, but they do not bar reasonable conditions for release.[3]

It does not appear that the court explored conditions of release which might be available to minimize this possibility of danger to the point of reasonable safety.[4] When appellant renewed his application for release to this court, we noted the failure to explore release conditions and ordered appellant's counsel to

---

1. D.C.Code §§ 22–2901 & 22–502 (1967).

2. *See* 18 U.S.C. § 3148 (Supp. III, 1965–67).

3. If, after thorough investigation, it appears that there are no non-financial conditions of release which will reasonably assure that appellant will not endanger the

public if released on posttrial bail, he may not be released on unreachable monetary conditions. Russell v. United States, 131 U.S.App.D.C. 185, 402 F.2d 185 (1968).

4. *See* Weaver v. United States, 131 U.S.App.D.C. 388, 389, 405 F.2d 353, 354 (1968).

consult with the officials of the Offender Rehabilitation Project * * * and to request them to prepare a set of conditions, if such is deemed possible, for appellant's release pending appeal that would guard against his potential for danger to the community. * *[5]

We find that the program submitted by the Project provides adequate minimal conditions to "reasonably assure that [appellant] will not flee or pose a danger to any other person or to the community." 18 U.S.C. § 3148 (Supp. III, 1965–67).

▇ The information presented by applicants for release pending appeal is often insufficient for a proper determination of the question whether the appellant is likely to flee or pose a danger to the community if released or whether there are adequate conditions of release that can be employed. It is the duty of the judicial officer who is asked to set bail to "inquire concerning available financial and nonfinancial conditions of release. * * * "[6] As has most recently been pointed out by our opinion in United States v. Leathers,[7] a variety of conditions of release short of financial bonds is available.

▇ Because the Bail Reform Act plainly favors release,[8] every effort should be made to seek out conditions which will guard against the risks of release. Counsel should assist the court in this task and present reasonable alternative plans for release. As the instant case clearly illustrates, counsel may invoke available community resources for this purpose.

Although the offense in the instant charge was a brutal one, appellant's prior criminal record consists only of three convictions—all for nonviolent offenses—and in each instance imprisonment was suspended.[9] Aside from the violence associated with the offenses for which he was convicted in the instant case, his record indicates that he has led an otherwise peaceful life. He was employed at arrest and is assured of a job upon release. He was released on pretrial bail and lived with his wife and three children, who are dependent upon him for their support. His stability and ties to the community are further demonstrated by the concern manifested by several members of his church, one of whom offered appellant and his family a home to live in if he should gain release. If appellant's claim of misidentification is sustained on appeal, he would have been unnecessarily incarcerated and separated from his family.

The conditions of release which have been proposed by the Offender Rehabilitation Project are structured to allow for a maximum amount of supervision over appellant, while still allowing for his freedom from incarceration. He will be supervised by an employee of the Offender Rehabilitation Project, who will be in communication with all of his contacts and will report monthly to the District Court on his behavior.

Appellant has been assured employment upon release. His employer will

---

5. Counsel for appellant was also requested to supplement the record with a statement of the issues which he will be raising in his appeal on the merits. This statement is required by D.C.Cir.R. 17(e) (3). A counsel's failure to supply this information only serves to delay the consideration of the applicant's request for release.

6. Weaver v. United States, 131 U.S.App. D.C. 388, 389, 405 F.2d 353, 354 (1968).

7. 134 U.S.App.D.C. ——, 412 F.2d 169 (April 17, 1969).

8. See, e. g., Wood v. United States, 129 U.S.App.D.C. 143, 391 F.2d 981 (1968).

9. Appellant pleaded guilty to forgery in 1966 in Montgomery County, Maryland. He made restitution and was placed on probation. Maryland authorities have indicated that they will not revoke appellant's probation when he is presently released.

Appellant was convicted in 1962 of petty larceny in Richmond, Virginia; he was given a suspended sentence. His final conviction was in Richmond in 1960; he was convicted of forgery and given a suspended sentence.

notify the Offender Rehabilitation Project if he should fail to appear at any scheduled time for work, and his continued employment is a condition of release. He is to reside at a half-way house, the Shaw Residence, and must abide by the curfews and regulations of that house. Any violations of these rules will be reported by Shaw Residence authorities.

When this court prompted counsel to explore a specific source for a plan of release adequate conditions were found. The instant case has clearly demonstrated that adequate conditions for release can often be found if there is a maximum effort. This final result makes clear that imaginative conditions of release are available and can be implemented; but it is counsel and the trial courts who must, in the day-to-day administration of the Bail Reform Act, carry out their duties to fashion these conditions.[10]

The District Judge has already confronted appellant's motion on three occasions. On one of these occasions, he was asked specifically to comment on the Offender Rehabilitation Project's plan for release. We feel that his views have been thoroughly solicited. Another remand would serve no useful purpose, and indeed would only further delay the resolution of this motion while unnecessarily placing additional burdens on an already busy judge. Having ourselves identified the conditions of release which will reasonably assure the appellant will not flee or pose a danger to the community,[11] we vacate the District Court's order denying release and direct that appellant be released pursuant to the conditions of the foregoing order.

LEVENTHAL, Circuit Judge (dissenting):

In my view this court should confine itself at this time to an order remanding the record to the District Judge for amplification of the reasons for his determination against release.

Let me quickly add that the plan set forth in the majority opinion for limited day-time release seems to me a good one. It provides a sound structured program for release for a man who has only one incident of violence on his record; it keeps appellant occupied during the daytime hours and assures night limitations that seem likely to minimize a recurrence of an impulsive act of violence.

The plan would involve risk. But this is not decisive; for any release plan—however partial or limited—necessarily involves risk. Congress understood this very well, and only asked that the risks taken be not excessive, that the conditions be such as "to *reasonably* assure that [the person] will not flee or pose a danger to any other person or to the community."

The question, then, is assessment of the extent of risk. What troubles me here is that the District Judge thought the risk too great to constitute reasonable assurance against danger. Since the question is one of bail pending appeal, the ultimate determination is for this court. But of course this court will give great weight to the findings and judgment of the district judge in matters of bail.[1] This is particularly appropriate since the question of danger involved in post-trial bail may be significantly and rightly influenced by knowledge of the details of the crime, and observation of demeanor of the defendant,

---

10. *See also* United States v. Leathers, *supra* note 7.

11. 18 U.S.C. § 3148 (Supp. III, 1965–67).

1. *See, e. g.,* United States v. Blyther, 132 U.S.App.D.C. 344, 407 F.2d 1279, January 16, 1968; Weaver v. United States, 131 U.S.App.D.C. 388, 405 F.2d 353 (1968).

particularly where as here the defendant has given testimony.

There may be an offsetting consideration where the appellate court can discern that the papers demonstrate not merely appellant's jurisdictional entitlement to consideration, because his claims are not frivolous, but also that his claims are so substantial as to undercut any presumption that might attach to the verdict and judgment as indicators that he is guilty of the violence charged in the case at bar. That is not asserted for the case before us. It is assumed, arguendo, that he did commit this one offense of violence, but it is concluded even so there is reasonable assurance against danger.

The question is close, especially since the case has already been before the court. But on balance, I would proceed at this time with another remand.

What troubles me is that the district judge in denying release did not elaborate on his reasons for concluding that the plan is not reasonable in the light of appellant's potential danger to the community. Obviously the mere fact that a man commits a crime of violence in a completely voluntary and unstructured setting, with its openness and temptations, does not negative the prospect that a structured release will operate to produce a conformance to rules for the time of legal consideration. However, it may be that something about the proof or appellant's demeanor at trial led the district judge to conclude that although the paper record shows only one crime of violence, it was his judgment that appellant was probably so hardened in his propensities that even limited day-time release under conditions was an unacceptable risk. As matters stand now, although we have a finding, we do not have the benefit of the judge's reasoning in depth, and in view of the obvious merits—in general—of the plan under consideration, I would welcome such further enlightenment as to the ramifications of using it in the particular case.