UNITED STATES of America

v.

James B. SEEGERS, Jr., Appellant.

No. 23621.

United States Court of Appeals,
District of Columbia Circuit.

Decided Feb. 19, 1970.

Mr. Roger W. Langsdorf (appointed by
this court) was on the pleadings for appellant.

Messrs. Thomas A. Flannery, U. S.
Atty., and John A. Terry and Julius A.
Johnson, Asst. U. S. Attys., were on the
pleadings for appellee.

Before BAZELON, Chief Judge, and
ROBINSON and MacKINNON, Circuit
Judges.

PER CURIAM:

Appellant was convicted in the District Court of second degree burglary [1] and sentenced under the provisions of the Federal Youth Corrections Act.[2] He duly noted an appeal and at sentencing moved for his continued release [3] pending that appeal.[4] The motion was denied on the ground that appellant presents a risk of danger to the community.[5]

Appellant then filed in this court a motion for release during the pendency of his appeal.[6] The motion was accompanied by affidavits by the Director of the Columbia Heights Community Association and appellant's work counselor attesting appellant's participation and progress in a rehabilitative program prior to sentencing. On consideration of that motion, the record was read as indicating that the affidavits were not available to the trial judge at the time of her ruling. The motion was accordingly denied without prejudice to appellant's filing of a new motion in the District Court.

Appellant moves for reconsideration,[7] and it now appears that while the affidavits were not before the trial judge at the hearing on the motion for release, they were filed by appellant's counsel and were considered by the judge prior to entry of the order denying release. Since the record was interpreted differently when the matter was here originally, we have granted appellant a rehearing to enable a determination of his motion on that factual basis.

■ On the merits, the prominent fact is that neither the transcript of the hearing on release nor the order denying release reflects any consideration of a release on conditions.[8] At the same time, the affidavits present the basic ingredients from which conditions conceivably could be fashioned to reduce any danger to the community to a degree permitting appellant's release.[9] In these circumstances, it seems clear that the requirements of Appellate Rule 9(b) [10] have not been met. In Weaver v. United States,[11] we interpreted Rule 9(b) as imposing upon the judge the duty, *inter alia*, to

> inquire concerning available financial and nonfinancial conditions of release and offer reasons why they do not "assure that the person will not flee or pose a danger to any other person or to the community." 18 U.S.C. § 3148 (Supp. III, 1965–67). Only when these reasons are spelled out can an appellant intelligently renew his motion before this court; and only then can this court fairly review the merits.[12]

■■ While a release pending appeal is not allowable "if it appears that [the] appeal is frivolous or taken for delay," [13] we cannot agree with our dissenting colleague that this case falls within that category. In the motion filed in this court, appellant's counsel, who was his trial counsel, explained that he was unable to define the issues to be presented on appeal because he had not received a copy of the trial transcript. He did, however, list tentatively three questions which in our view, without more, afford

---

1. D.C.Code § 22–1801(b) (Supp. I 1968).

2. 18 U.S.C. § 5010(b) (1964).

3. Appellant remained at liberty on personal recognizance, without incident, throughout the proceedings in the District Court.

4. 18 U.S.C. § 3148 (Supp. II 1967).

5. *Id.*

6. Fed.R.App.P. 9(b).

7. Fed.R.App.P. 40.

8. See 18 U.S.C. §§ 3147, 3148 (Supp. II 1967). See also the cases cited *infra* notes 11, 12.

9. See Banks v. United States, 134 U.S. App.D.C. 254, 258, 414 F.2d 1150, 1154 (1969) (dissenting opinion).

10. Fed.R.App.P. 9(b).

11. 131 U.S.App.D.C. 388, 405 F.2d 353 (1968).

12. *Id.* at 389, 405 F.2d at 354. See also Banks v. United States, *supra* note 9, 134 U.S.App.D.C. at 257, 414 F.2d at 1153; United States v. Leathers, 134 U.S. App.D.C. 38, 41–42, 412 F.2d 169, 172–173 (1969).

13. 18 U.S.C. § 3148 (Supp II 1967).

a plausible basis [14] for this appeal.[15] Neither the District Court nor the Government has made the claim that the appeal is frivolous or a delaying tactic, and we do not think we could so conclude.[16] We recognize the obvious difficulties inherent in any endeavor to fully articulate and substantiate the basis for the appeal prior to counsel's receipt of the trial transcript, which necessarily may take quite some time. Delay in furnishing the transcript should not be allowed to engender delay in release pending appeal where the appellant provides the essentials of his appeal basis and is otherwise entitled to release.

■ Nor, unlike our dissenting colleague,[17] do we consider adherence to Rule 9(b) requirements an exercise in futility in this case. While the District Court's order denying appellant's release refers to "an outstanding probation commitment issued" by the District of Columbia Court of General Sessions, appellant's counsel advises, and the Government does not deny,[18] that the so-called "commitment" is in reality an attachment for appellant's appearance before that court for purposes of a hearing and determination as to whether his probation following a conviction in another case should be revoked. Since we do not know whether revocation will follow in that case,[19] we remain sensitive to a responsibility to decide whether appellant is entitled to release insofar as the case at bar is concerned.[20] Our order of release in this case would not, of course, affect any commitment for probation violation that the Court of General Sessions, in its independent judgment, might see fit to order in the case before it.[21]

We remand the record herein to the District Court to allow the trial judge to make suitable inquiry concerning the availability and efficacy of financial and nonfinancial conditions of release and to dispose of appellant's motion accordingly. We intend, of course, no intimation as to what that disposition should be. Should the motion be again denied, the judge must, compliably with Rule 9(b), offer reasons why any available financial or

14. See Coppedge v. United States, 369 U.S. 438, 444–445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962) ; Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958).

15. We are informed that although the evidence showed that appellant was found inside a service station, it did not show that he had committed any further crime upon the premises or that he had either weapons or tools with which to do so. In this context, counsel poses as issues (a) whether there was error in instructing the jury that it might find guilt of burglary if it found that appellant had unlawfully entered the premises in question "with intent to break and carry away any part thereof or any fixture or other thing attached to or connected with the same," in view of the fact that the indictment charged only that appellant unlawfully entered the premises "with intent to commit a criminal offense"; (b) whether the indictment and the trial court's instructions were defective in not defining what "criminal offense" appellant allegedly intended to commit; and (c) whether appellant's request for an instruction on the lesser included offense of unlawful entry was wrongfully refused.

16. Compare Sellers v. United States, 89 S.Ct. 36, 38–39, 21 L.Ed.2d 64, 67 (1968) (Mr. Justice Black in chambers).

17. Infra p. 496.

18. On this score, the Government argues only that "[i]n view of the outstanding commitment order for violation of probation, it appears that appellant may serve an additional or concurrent term of imprisonment to the instant commitment for his rehabilitation."

19. See Ellis v. Chappell, 230 F.Supp. 164, 167 (D.D.C.1964). Compare United States v. Minker, 326 F.2d 411 (3d Cir. 1964).

20. See Ellis v. Chappell, *supra* note 19, 230 F.Supp. at 167.

21. The pretrial release sought in United States v. Minker, *supra* note 19, would have had the necessary effect of enlarging the accused not only in the case in which it was requested—so that he could assist his counsel in preparing a defense therein—but also in another case in which he was serving a sentence. Compare text *supra* at note 19.

nonfinancial conditions of release do not provide a reasonable assurance that appellant will not pose a danger to any other person or to the community; and, in that event, the judge is requested to file an augmentation, within ten days from the date of our order, of her statement of reasons elucidating the unavailability or inefficacy of such conditions, including those suggested by the affidavits. Promptly upon the conclusion of the remand proceedings, the clerk of the District Court will return the record to this court, supplemented by those proceedings.

So ordered.

MacKINNON, Circuit Judge (dissenting):

On the 21st day of October, 1969, appellant was sentenced for second degree burglary to a sentence under the Federal Youth Corrections Act. Thereafter a motion was made for his release on bail and the trial judge entered the following written order:

Upon consideration of defendant's motion that he be released on personal bond pending appeal, it appearing to the Court that the defendant has been convicted of second degree burglary and that he, a 19 year old, has a record of four findings of involvement in housebreakings as a juvenile and an attempted unauthorized use of a motor vehicle conviction as an adult, that he presents a danger to the community; *and it further appearing to the Court that there is an outstanding probation commitment issued on March 10, 1969, by Judge Howard,* it is therefore this 24th day of October 1969,

ORDERED that defendant's motion is hereby denied. (Emphasis added).

This court now proposes to remand the case for an additional inquiry concerning financial and non-financial conditions of release and admonishes the court that the order does not reflect any consideration of a release on conditions per Weaver v. United States, 131 U.S.App.

D.C. 388, 405 F.2d 353 (1968) and 18 U.S.C. §§ 3147, 3148.

It seems obvious to me from the court's order that it is not in order to consider conditions of release because of the outstanding probation commitment. What is the use of considering release on bail if the United States Marshal is standing by with a commitment order in another case?

The order of attachment for probation violation was not related to the burglary offense but was issued because appellant violated the conditions of his probation by not replying to telephone calls from the probation officer, not reporting to the probation office and by not working. The attachment was not served because the probation officer could not locate appellant until October when the probation office found out that appellant was in jail on the current offense. He is still in jail. The Court of General Sessions is now standing by waiting to serve its order of attachment if he is released on bail. It seems to me that it is a useless function for the District Court and the appellate court to be engaging in this bail proceeding when, even if bail is granted, the Court of General Sessions is sitting back waiting to execute the attachment for the probation violation. Certainly since the issuance of the attachment for the probation violation was not related to the present offense, the probation office is not going to retract the attachment just because they have subsequently learned that appellant has been subsequently convicted of another offense. Actually, the second offense is another violation of his probation and another reason why the attachment order should be served if appellant is released on bail. If this court insists on going ahead with a bail pending appeal hearing in the face of these facts, it should be made clear that same relates to the subsequent offense only and does not constitute any ground to interfere with the execution of the attachment to the probation violation. As for me, I would not

---

* Of the Court of General Sessions.

direct a bail hearing when there is an outstanding attachment order waiting to be executed involving a prior offense in no way related to the offense for which bail is sought. It is an exercise in futility to even explore release conditions in such circumstances when no actual release will occur. Pending disposition of this case I would turn him over to the custody of the General Sessions Court pursuant to its attachment.

The trial court considered affidavits by the director of the Columbia Heights Community Association and appellant's work counselor and while these were favorable, the trial court might well have concluded in its wisdom, and with the advantage it had of observing the appellant's attitude and demeanor that his recent favorable conduct did not evidence any permanent change in attitude and propensities, that it was purely temporary, occasioned largely by his precarious position at the jail house door. I also conclude that non-frivolous grounds for appeal were not shown. I would accordingly deny appellant's request but would permit attachment so he could serve his sentence in General Sessions Court.