UNITED STATES of America

v.

Alberto VAN CAESTER, Carlos Rojas-Colombo, Hipolito Navarro, and Irene Gonzalez.

No. 70–669–Cr.

United States District Court, S. D. Florida.

Dec. 18, 1970.

Neal Sonnett, U. S. Atty., Miami, Fla., for plaintiff.

Harvey Michelman, New York City, Max B. Kogen, Angelo A. Ali, Fred A. Jones, Jr., Miami, Fla., for defendnats.

KING, District Judge.

## ORDER

The defendants have each petitioned this Court for reduction of bonds set by the United States Commissioner, in the amount of $1,000,000 for the defendants Alberto Van Caester, Carlos Rojas-Colombo, and Hipolito Navarro, and $500,000 for the defendant Irene Gonzalez. On December 17, 1970, the motions of the defendants Van Caester and Rojas-Colombo were heard, and the motions of the defendants Navarro and Gonzalez were heard on December 18, 1970. On both occasions testimony was taken, arguments were heard, and memorandums of law submitted to the Court by both sides. Based on the record of proceedings before the United States Commissioner, a transcript of which was admitted into evidence, and the proceedings before this Court, the Court makes the following findings of fact and law:

1. The defendant Irene Gonzalez, 34 years old and the mother of three children, ages 2, 7 and 12, has resided in Dade County for the past three months. She lives in an apartment which is rented for $240.00 per month, paid for by the defendant Navarro, whom the testimony reveals is her boyfriend. She is a citizen of the United States, but has only parental ties to this country in addition to her children. There is no showing that she owns any real property in the Unites States; nor that she has any employment in this community; nor that there is any employment available to her in this community.

2. The defendant Hipolito Navarro is a citizen of the United States and a resident of Bronx, New York, where he lives in a rented dwelling with his mother. In addition, his family ties include a sister, who also lives in New York. He has been employed by his attorney since July, 1969, when he was released from prison. There is no showing that the defendant owns any real property in the United States; nor that he has any employment in this community; nor that he has any employment available to him in this community; nor that he has any particular place of abode in this District.

3. The defendant Alberto Van Caester is a citizen of Argentina, but has lived in Paraguay for a number of years. He is a qualified commercial pilot. He claims a one-half interest in an airplane in this District, which may have been repossessed for failure to make payments; his testimony was unclear as to the exact status of that aircraft at the present time. The defendant is not a citizen of the United States. His only ties within the United States is a sister employed by the United Nations, but the defendant has not contacted her, despite having been in this country for several weeks. There is no showing that the defendant owns any real property in the United States; nor that he has any employment in this community; nor that there is any employment available to him in this community; nor that he has any particular place of abode in this District.

4. The defendant Carlos Rojas-Colombo is a citizen of Argentina, and a resident of Buenos Aires. He does not, and never has resided in the United States, and claims to have traveled to this country on only one other occasion. He entered the United States on this trip by private aircraft. There is no showing that the defendant has any ties whatsoever to this country; nor that he owns any real property in the United States; nor that he has any employment in this community; nor that there is any employment available to him in this

community; nor that he has any particular place of abode in this District.

Under our system of constitutional government, the right to bail prior to trial of one accused of a non-capital crime is absolute. The object of bail in a criminal case is to secure the appearance of the accused for trial, and to insure that he will submit to sentence if found guilty. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). The law is well settled that the proscription of the Eighth Amendment to the Constitution against excessive bail is violated when bail is set in an amount higher than reasonably calculated to fulfill this purpose. *Id.* at p. 5, 72 S.Ct. 1.

The law is equally clear, however, that bail is not excessive merely because the defendant may be financially unable to post an amount otherwise meeting the above standards. White v. United States, 330 F.2d 811 (8th Cir. 1964), cert. den. 379 U.S. 855, 85 S.Ct. 105, 13 L.Ed.2d 58; United States v. Radford, 361 F.2d 777 (4th Cir. 1966), cert. den. 385 U.S. 877, 87 S.Ct. 158, 17 L.Ed.2d 105; White v. Wilson, 399 F.2d 596, 598 (9th Cir. 1968).

The Bail Reform Act of 1966, 18 U.S.C. section 3146(b), sets forth a variety of factors which must be taken into consideration by a judicial officer in determining the conditions of release to be afforded a defendant. Among those things which are to be taken into account are the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceeding.

With respect to the nature and circumstances of the offense charged, an indictment has been returned against all four defendants charging five counts of violations of the federal narcotic laws. Four of those counts carry minimum

mandatory penalties, with no provision for either probation or parole, of not less than five nor more than twenty years in prison, and a fine of up to $20,000.00. The remaining count carries a penalty of not less than two nor more than ten years in prison, with a like fine. It appears, then, that if the defendants were convicted, and the sentencing Court were disposed to mete out consecutive sentences, that these defendants would be subject to prison terms of not less than twenty-two years, nor more than ninety years, and fines of up to $100,000.00.

This Court also notes that the defendants are charged with illegally importing an extremely large amount of Heroin, that is, 209 pounds. Further, the fact that a Federal Grand Jury has returned an indictment against these defendants indicates that the evidence against them is not insubstantial.

The remaining factors to be considered in setting the conditions of release have been discussed as to each defendant in the above numbered paragraphs.

The Court has weighed each of these factors in light of the mandates of the Bail Reform Act of 1966, 18 U.S.C. Section 3146.

It is the opinion of this Court that, with regard to the defendants Alberto Van Caester and Carlos Rojas-Colombo, there exists an extreme likelihood, of flight. With regard to all of the defendants, this Court is of the opinion that none of the conditions of release specified in 18 U.S.C. Section 3146(a), save that of a cash or surety bond, would reasonably assure their appearance. Moreover, bond in an amount less than that amount fixed by the Court would not reasonably assure their appearance. It is therefore

Ordered and adjudged as follows:

1. The defendant, Carlos Rojas-Colombo, shall be admitted to bail upon the posting of a cash or surety bond in the amount of $300,000.00.

2. The defendant, Alberto Van Caester, shall be admitted to bail upon the posting of a cash or surety bond in the amount of $250,000.00.

3. The defendant, Hipolito Navarro, shall be admitted to bail upon the posting of a cash or surety bond in the amount of $100,000.00.

4. The defendant, Irene Gonzalez, shall be admitted to bail upon the posting of a cash or surety bond in the amount of $25,000.00.

5. The defendant shall not be permitted to travel outside the jurisdictional limits of Dade County without the prior written permission of the Court.

6. The defendants shall be required to surrender any passports or other travel documents in their possession to the Government. In addition, the defendant Van Caester shall be required to surrender his pilot's license or any like documents to the Government.

7. The defendants shall not be permitted in or at any public or private airport or other flying facility, nor shall they be allowed to travel on the waters of the Atlantic Ocean.

8. The trial of this cause will be set at the earliest convenience of the parties, in order that all defendants may fully enjoy their right to a speedy trial.

9. The defendants, and each of them, shall report daily, on or before 3:00 P.M. to the U. S. Marshal Miami, Fla.