Bobby RUSSELL, Appellant,

v.

UNITED STATES of America,
Appellee.

Larry G. LEE, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 21571, 21597.

United States Court of Appeals
District of Columbia Circuit.

May 29, 1968.

Mr. David S. Scrivener, Washington,
D. C. (appointed by this court), was on
the motion for appellant in No. 21,571.

Mr. Willard P. Owens, Washington,
D. C. (appointed by this court), was on
the motion for appellant in No. 21,597.

Messrs. David G. Bress, U. S. Atty.,
and Frank Q. Nebeker, Asst. U. S. Atty.,
were on the oppositions for appellee.

Before TAMM, LEVENTHAL and
ROBINSON, Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellant Russell was convicted of
housebreaking and petit larceny, in vio-
lation of 22 D.C.Code §§ 1801, 2202, and
was sentenced under the Youth Correc-
tions Act. 18 U.S.C. §§ 5010(b),
5017(c) (1964). At sentencing, the
trial judge set bond pending appeal at
$1,000.

Appellant Lee was sentenced to im-
prisonment for one to three years for
this, his third, conviction for unauthor-
ized use of a vehicle. 22 D.C.Code §
2204. Appeal bond was set by the trial
judge at $2,000.

Financially unable to satisfy the mon-
etary bonds imposed, each appellant
filed a *pro se* request for release on his
personal recognizance. The trial judge
denied these motions, concluding in each
case that the appellant presented a risk
of flight and of danger to the communi-
ty and that the appeal was frivolous.
Russell has moved in this court for re-
lease on conditions specifying no more
than a "nominal amount of financial se-
curity." Lee requests us to release him
on his personal recognizance pending ap-
peal.

The purpose of the Bail Reform Act
of 1966 was "to assure that all persons,
regardless of their financial status, shall

not be needlessly detained."[1] To this end, judges are directed to impose the least onerous conditions necessary to insure appearance. "Even then, the statute in 18 U.S.C. § 3146 creates a hierarchy of conditions, one of the least favored of which is a requirement of bail bond."[2] In determining conditions necessary to insure appearance, the court must consider the financial means of the person before it. Where the court sets bond in an amount which cannot be met, the question may arise whether the court has practiced that "invidious discrimination" whereby a person remains incarcerated solely because of his limited financial means.[3]

■ In pre-trial bail, where 18 U.S.C. § 3146 requires the imposition of some conditions of release, the problem of reconciling minimal conditions to assure appearance with the individual's financial resources is especially acute.[4] With appeal bond, however, there is no statutory direction to set conditions of release in all cases. Under 18 U.S.C. § 3148 (Supp. II, 1966), an appellant

> "shall be treated in accordance with the provisions of section 3146 *unless* the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, *the person may be ordered detained.*" [Emphasis added.]

However, the statutory scheme is offended if, and to the extent that, a trial judge should set high money bail as a means of denying release. Such action would indicate that the appellant remains incarcerated only because of his poverty. Hence the statute requires that such a person be ordered detained without possibility of release, rather than kept in custody for inability to satisfy purposely excessive conditions of release.

Turning to the instant cases, the trial judge's opinion as to the frivolity of the appeals and the risks of danger to the community would appear to set forth factors for which monetary bond cannot compensate. We see no reason, however, to remand these cases to the trial judge. In view of the desirability of avoiding any unnecessary possibility that detention may be viewed as due to lack of means—and here both appellants are concededly indigent—we have undertaken a *de novo* consideration of appellants' motions.[5] On the basis of the Government's uncontroverted representations as to appellants' criminal records, we conclude that "no one or more conditions of release will reasonably assure that [either appellant] will not flee or pose a danger to any other person or to the community" if released pending appeal. 18 U.S.C. § 3148 (Supp. II, 1966).

We note that within slightly more than a year after his eighteenth birthday, appellant Russell committed two misdemeanors as well as the felony of which he now stands convicted. The latter crime he committed while on probation. Russell has also been arrested for robbery and carrying a dangerous weapon. Especially in the light of Russell's rapidly compiled record of convictions, we consider these arrests to be of some weight in determining whether appellant is likely to be a danger to the community if released pending appeal.[6]

1. Pub.L. 89–465, 80 Stat. 214, § 2.

2. Wood v. United States, 129 U.S.App. D.C. 143, 391 F.2d 981 (January 19, 1968).

3. See Pelletier v. United States, 120 U.S. App.D.C. 40, 41, 343 F.2d 322, 323 (1965).

4. See Allen v. United States, 128 U.S.App. D.C. 207, 386 F.2d 634 (1967).

5. See, *e. g.*, Hansford v. United States, 122 U.S.App.D.C. 320, 353 F.2d 858 (1965); Joseph L. Byrd v. United States, No. 21,534 (D.C.Cir., April 24, 1968). Cf. Pelletier v. United States, *supra.*

6. See Rhodes v. United States, 275 F.2d 78, 82 (4th Cir. 1960).

Appellant Lee is 23 years of age and has spent most of the past seven years in confinement. In addition to the conviction here appealed and another for carrying a dangerous weapon, which is also being appealed, appellant has previously been convicted for two misdemeanors and two instances of unauthorized use of a vehicle. He has committed crimes while on parole and on pre-trial release.

■ Accordingly, we deny appellants' motions for release. Acting *sua sponte* we vacate the appeal bond orders heretofore entered. Appellants will remain in custody not because they lack the means to make bail, but for the reason that their release would present danger to the community.

So ordered.