Christopher S. WRIGHT, Appellant,

v.

UNITED STATES, Appellee.

No. 4411 Original.

District of Columbia Court of Appeals.

Feb. 11, 1970.

David F. Addlestone was on the motion for appellant.

John A. Terry, Asst. U. S. Atty. with whom Thomas A. Flannery, U. S. Atty., was on the response, for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges, in chambers.

NEBEKER, Associate Judge.

On this appeal from refusal by the arraignment judge to reduce a $600 pretrial bond, appellant asserts that he cannot obtain a bondsman and that the judge refused to permit a percentage deposit with the registry of the court. *See* 18 U.S.C. § 3146(a) (3) and (4) (Supp. IV, 1968). The arraignment judge refused to modify the order requiring a surety bond because appellant did not appear to have been regularly employed for any length of time and because no prospects for employment appeared, thereby offering an environment of stability to insure appearance. Appellant does not assert that employment is available.

Appellant is charged with two counts of attempted burglary in the second degree and one count of receiving stolen property. A severance has been ordered, thus indicating separate and disconnected offenses. He was, when arrested, on one year probation for receiving stolen property. A revocation hearing was held three days after appellant's arrest in the instant cases. That judge, who was not the arraignment judge, apparently determined to revoke probation, but stayed his order pending trial on the instant charges. We do not know the strength of the evidence in these cases or whether that judge took such into consideration in not revoking probation before trial.[1] As a condition for a stay of revocation, appellant must meet weekly with his probation officer, refrain from use of narcotics and submit to a weekly urinalysis.[2] An additional condition is that appellant keep steady employment.

Appellant does not assert that employment is possible and he supplies no information as to his past. *See* Christian v. United States, 123 U.S.App.D.C. 99, 357 F.2d 290 (1965), and D.C.App. Rule 45(a) and (c), effective February 2, 1970. He does state in ambiguous terms that "adverse comments" of his probation officer prompted the District of Columbia Bail Agency to report such when denying a recommendation for "release", (apparently meaning personal recognizance). Moreover, he volunteers no information about possible narcotics use. Under these circumstances, we must, and do, draw all reasonable inferences adverse to appellant's suitability and eligibility for release on other and more attainable terms.[3] Until the record shows to the contrary, we must assume that appellant has a history of narcotics use. Absent any showing of past employment, and particularly present employability, we assume narcotics use is financed by resort to crime, and would be so in the event of release. While anticipated recidivism is not, under the Bail Reform Act of 1966, grounds for permitting pretrial detention in non-capital cases,[4] it cannot be denied that personal background reflective of such is also very relevant to the considerations which must be taken into account "[i]n determining which conditions of release will reasonably assure appearance." 18 U.S.C. § 3146(b) (Supp. IV, 1968). We are supplied with insufficient information on which to determine that the arraignment judge's decision is not "supported by the proceedings below." 18 U.S.C. § 3147(b) (Supp. IV, 1968). Nor are

---

1. The arraignment judge did not indicate his view as to the strength of the Government's evidence.

2. This reveals possible narcotics use, but the arraignment judge did not indicate he knew of such possibility, and thus the record is unclear on the point.

3. He appears to be able to pay the necessary premium and supplies only minimal or no information relevant to the soundness of his character. Without specifics, he merely concludes that the Government's evidence is weak and that he

needs to locate "essential witnesses" whom he knows only by sight and first name or nickname. In view of the adverse inferences drawn and his failure to be specific, we conclude that these assertions are too easily made and unpersuasive.

4. It is and has been for many capital offenses since the Judiciary Act of 1789. *See* Report of the Judicial Council Committee to Study the Operation of the Bail Reform Act in the District of Columbia, May, 1969, p. 32.

we convinced that all relevant information was submitted to him. Obviously, the judge at the probation revocation hearing considered significant additional information regarding narcotics use. He may or may not have known of appellant's apparent unemployability. Thus, he may have concluded probation should be revoked unless employment—perhaps considered an unlikely event—was forthcoming.

We believe that the matter should have been more thoroughly presented to the arraignment judge when the application for review of conditions of release was filed. That application was filed one day after the probation revocation hearing and it is not even clear whether the order of that judge was brought to the attention of the arraignment judge. Moreover, we are not certain whether the probation was revoked, but revocation stayed on additional conditions, or whether, absent compliance with those additional conditions, another order is required to accomplish revocation.

■ With respect to possible revocation of probation, or parole for that matter, when the defendant has been rearrested and charged with an additional offense, we observe that considerations of dangerousness are appropriately taken into account. Public interest is always a basis for revocation. Cooper v. United States, D.C.Mun.App., 48 A.2d 771, 773 (1946). While such considerations are not proper in pretrial non-capital bail determinations (18 U.S.C. § 3146(a) (Supp. IV, 1968)), factors relevant to dangerousness may and

indeed should be considered in revocation hearings pending trial on other more recent charges. The revocation hearing need not be guided entirely by the likelihood of subsequent conviction, for potential dangerousness does not necessarily hinge on conviction. *Cf.* Melson v. Sard, 131 U.S. App.D.C. 102, 402 F.2d 653 (1968). It more often is revealed by all the facts when viewed in a context free of a reasonable doubt standard and the strictures of a formal criminal trial. *Cf.* Russell v. United States, 131 U.S.App.D.C. 44, 45, 402 F. 2d 185, 186 (1968), pertaining to appellant Russell's arrest record; and Chapman v. United States, 133 U.S.App.D.C. 73, 408 F.2d 1276 (1969), including Chief Judge Bazelon's dissent, therein, footnote 2.

■ Accordingly, we remand for a further showing by appellant of the relevant considerations discussed above and for a determination whether appellant's probation stands revoked. If deemed appropriate the arraignment judge may defer action, for a short period consistent with the need for haste in bail matters, to permit the probation judge to determine whether, considering all the circumstances including potential dangerousness, probation should be revoked before trial. Upon completion of the proceedings appellant shall advise this court of the action taken in the trial court and of any further matter deemed relevant. *See* Rule 45(c), *supra*. The clerk shall transmit a certified copy of this opinion in lieu of mandate forthwith.

So ordered.