**William A. JOHNSON, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 6323.**

District of Columbia Court of Appeals.

Argued March 27, 1972.

Decided June 7, 1972.

Rehearing Denied July 5, 1972.

Herbert A. Rosenthal, Jr., Washington, D. C., appointed by this court, for appellant.

James F. McMullin, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the opposition to motion, for appellee.

Before HOOD, Chief Judge, and KELLY and PAIR, Associate Judges.

HOOD, Chief Judge:

Appellant was found guilty by a jury of second-degree burglary and received a sentence of 2 to 6 years. He noted an appeal and applied to the trial court for release on bail pending his appeal.

The District of Columbia Court Reform and Criminal Procedure Act (Pub.L.No. 91-358, 84 Stat. 473-668, effective February 1, 1971) provides:

A person who has been convicted of an offense and sentenced to a term of

. . . imprisonment and has filed an appeal . . . shall be detained unless the judicial officer finds by clear and convincing evidence that (1) the person is not likely to flee or pose a danger to any other person or to the property of others, and (2) the appeal . . . raises a substantial question of law or fact likely to result in a reversal or an order for new trial. . . .[1]

■ Expressing a belief that (1) appellant if released would be a danger to the community and (2) that there did not exist a substantial question of law or fact likely to result in a reversal or new trial, the trial court denied release on bail.[2] The present motion seeks review of that denial.

With respect to the likelihood of release posing a danger . to the community, we must affirm the trial court if its finding is supported by the proceedings below.[3] The record before the trial court, by appellant's own admission, showed that since 1960 and prior to the present conviction he had been convicted of taking property without right, twice convicted of unlawful entry and petit larceny, and once convicted of housebreaking. Additionally, he had been convicted of disorderly conduct and drunkenness and had been arrested four times on charges of housebreaking. In view of this record we cannot say there was no support for the trial court's inability to find that if released appellant would not pose a danger to the community, i. e., to other persons or to the property of others.

As the statute imposes two conditions on the right to bail after conviction, our sus-taining the trial court's holding that the condition relating to the lack of danger to persons or property had not been met, makes it unnecessary that we consider the trial court's ruling as to likelihood of reversal.[4]

■ Appellant urges that if we find he has not met the two conditions for release, we should hold that the provisions of the Court Reform Act embodied in D.C.Code 1967, § 23–1325(c) (Supp. IV, 1971) are unconstitutional. The basis of the constitutional attack is not clear to us. Appellant does not, and could not, claim a constitutional right to bail on appeal after conviction.[5] Indeed there is no constitutional right to an appeal from a conviction. "It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all." Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). "Thus, it is now settled that due process of law does not require a State to afford review of criminal judgments." Id. at 21, 76 S.Ct. at 591, per Frankfurter, J., concurring. "Illinois . . . could thus deny an appeal altogether . . . without denying due process of law." Id. at 27, 76 S.Ct. at 594, per Burton & Minton, JJ., dissenting. If there is no constitutional right to an appeal, there could hardly be a constitutional right to bail on appeal.

■ As it is within the discretion of the state to allow or not to allow an appeal, the right of appeal may be given upon such terms as the legislature may deem proper. McKane v. Durston, 153 U.S. 684, 14 S.Ct.

---

1. D.C.Code 1967, § 23–1325(c) (Supp. IV, 1971).

2. Perhaps the trial court should have stated it could not *find* the nonexistence of the danger or the existence of the substantial question, instead of expressing the *belief* of the existence of the danger and the nonexistence of the substantial question, but this is immaterial. The trial court is presented with a situation calling for exercise of judgment rather than specific finding of fact.

3. D.C.Code 1967, § 23–1324(b) (Supp. IV, 1971).

4. If the ruling on the second condition required our determination, we would have to give "de novo consideration" to it. *Id.* § 23–1325(d).

5. There is no automatic right to bail after conviction. Mr. Justice Douglas in Harris v. United States, 404 U.S. 1232, 92 S.Ct. 10, 30 L.Ed. 25 (1971).

913, 38 L.Ed. 867 (1894). If the right is given of course there must be "no invidious discriminations between persons and different groups of persons." Griffin v. Illinois, *supra* at 17 of 351 U.S., at 589 of 76 S.Ct.

Congress has plenary power to legislate for the District of Columbia. Atlantic Cleaners & Dyers v. United States, 286 U. S. 427, 52 S.Ct. 607, 76 L.Ed. 1204 (1932). "The power of Congress over the District of Columbia includes all the legislative powers which a state may exercise over its affairs." Berman v. Parker, 348 U.S. 26, 31, 75 S.Ct. 98, 102, 99 L.Ed. 27 (1954).[6] We therefore see no constitutional barrier to enactment by Congress of conditions upon which bail may be allowed to one appealing from conviction of a crime in the courts of the District of Columbia.[7]

■ Appellant appears to argue that since Congress has given the right of appeal, it cannot impose unreasonable conditions on the right to bail pending appeal. Assuming, without so holding, that appellant's position is correct, we find nothing unreasonable in the requirement that before granting bail the trial court must find that release on bail will not pose a danger to other persons or to the property of others. The likelihood of a defendant, if released pending review of his conviction, committing another offense has always been an important factor in consideration of allowance of bail. Indeed, it has been said that if release would jeopardize the safety of the community, "it would be irresponsible judicial action to grant bail." Mr. Justice Douglas in Carbo v. United States, 82 S.Ct. 662, 666, 7 L.Ed.2d 769 (1962).

6. " . . . the ultimate power to legislate for the District resides solely in Congress." Maryland & District of Columbia Rifle & Pistol Ass'n v. Washington, 142 U.S.App.D.C. 375, 381, 442 F.2d 123, 129 (1971).

7. The United States Court of Appeals for the District of Columbia Circuit has ruled that the provisions here in question

The Bail Reform Act of 1966, 18 U.S.C. § 3148, though couched in different language from our statute, provides for detention after conviction unless there is reasonable assurance that release will not pose a danger to any other person or to the community. See Russell v. United States, 131 U.S.App.D.C. 44, 46, 402 F.2d 185, 187 (1968) holding that:

> Appellants will remain in custody not because they lack the means to make bail, but for the reason that their release would present danger to the community.

Motion denied.

are applicable only in "cases involving local offenses tried in local courts", and do not apply to one convicted of a federal offense in the United States District Court for the District of Columbia. United States v. Thompson, 452 F.2d 1333 (1971). That decision has no application here because appellant was convicted in a local court for a local crime.