**Bobby Foster VILLINES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7302.**

District of Columbia Court of Appeals.

Nov. 21, 1973.

---

George Spiegel and James Carl Pollock, Washington, D. C., were on the Motion for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry and William M. Brodsky, Asst. U. S. Attys., were on the Opposition to Motion for appellee.

Before NEBEKER and YEAGLEY, Associate Judges, in chambers.

NEBEKER, Associate Judge:

Appellant was convicted on March 1, 1973, on four of the five counts for which he had been indicted. These four offenses were (1) inducing a female to engage in prostitution (D.C.Code 1973, § 22–2705); (2) compelling a female by threats and duress to live a life of prostitution against her will (D.C.Code 1973, § 22–2706); (3) assault with a dangerous weapon (D.C.Code 1973, § 22–502); and (4) mayhem and malicious disfigurement (D.C.Code 1973, § 22–506).

Bond in the amount of $3,000 had been set at the time of arraignment, but appellant, an indigent, was unable to meet the terms of release. Following the jury verdicts against appellant, the government requested that the judge detain him pending sentencing. Instead, the judge set bond in the amount of $10,000. As a result, appellant remained incarcerated and his appointed counsel requested the trial judge to review and modify the terms of release which had been set. D.C.Code 1973, § 23–1321(d). Modification was denied, apparently in chambers, by an order dated August 31, 1973, without a statement of written reasons as required by § 23–1321(d). Pursuant to D.C.App.R. 9(b)(1), appellant

seeks review of the August 31 order in this court.

The action of the trial judge reveals a misunderstanding of the statutory provisions governing postconviction release in the District of Columbia court system. In raising postconviction bond to $10,000 and refusing to alter this condition of release, the trial judge apparently intended that appellant remain in custody. We take this occasion hopefully to eliminate the misunderstanding by those concerned with the day-to-day administration of our bail laws.

■ Though probably not intended, the legal effect of the postconviction allowance of bail was a finding by the trial judge "by clear and convincing evidence that [appellant] is not likely to flee or pose a danger . . . ." *See* D.C.Code 1973, § 23–1325(b). Moreover, to permit the bail to stand after sentencing has the added legal effect of indicating that the trial judge has by the same standard found that "the appeal . . . raises a substantial question of law or fact likely to result in a reversal or an order for new trial. . . ." *See* D.C.Code 1973, § 23–1325(c). The prosecution had taken the view, after conviction, that appellant should, consistent with § 23–1325(c), be detained. Moreover, appellant was not required to make any showing respecting eligibility for release before the higher bail was set. Additionally, it was set in the face of the known fact that appellant had not been able to post the lower pretrial bail. It is clear, both under the Bail Reform Act of 1966, 18 U.S.C. § 3141 et seq., and under our local bail provisions, that money bond may not be used to assure detention. *See* Russell v. United States, 131 U.S.App.D.C. 44, 402 F.2d 185 (1968). As discussed, *infra,* money bond may be set only to guarantee against flight or to assure appearance for trial.

As to the "24-hour" review of the $10,000 bail, we find further misunderstanding of our bail law. In the event the requisite postconviction findings are made as to flight, dangerousness, and merit on appeal under sections 23–1325(b) and (c), "the judicial officer shall treat the person in accordance with the provisions of section 23–1321" (the pretrial bail section which commands that some conditions of release be set). As observed above, under subsection (d) thereof, a trial court judge then would be required to state in writing his reasons for refusal to modify previously set conditions of release so as to bring about release of the defendant.

■ This court has recognized the difficulties encountered by trial court judges in complying with the written-reasons requirement of our bail laws under sections 23–1321(d) and (e), 23–1322(b)(3), 23–1323, and D.C.App.R. 9(a)(2) and (3), and 9(b)(1). Those judges are often blocks away from their chambers and secretaries on daily assignment in other buildings and it is extremely difficult for them to prepare written reasons. In addition, a judge occasionally may be burdened with such a high volume of bail review motions that it would be impractical to require formal, signed, written reasons. Therefore, D.C. App.R. 9 permits a trial court judge to state "for the record" his reasons when written reasons are required. Thus, a reporter's transcript, when prepared, can suffice for written reasons. A trial court judge may enter a formal order, as was done here, but that order must contain the reasons for the action taken if release is not occasioned. It was error for the trial judge here to deny the bail review motion without giving written reasons since the effect of setting of bail caused the written reasons requirement of section 23–1321(d) and Rule 9(b)(1) to become operative.

We also take this occasion to remind the trial court and the practicing bar of the requirements of our Rule 9(c) which requires, *inter alia,* that we be furnished with a copy of any bail order of which review is sought and of any statement of reasons made relating to the bail decision. D.C.App.R. 9(c) also requires that we be furnished by affidavit with the information

outlined in Form -4 of the Appendix of Forms to our rules.[1]

■ Moreover, if a surety bond is to be set under section 23–1321 (pretrial or, for that matter, postconviction if the requisite findings are made under section 23–1325(b) or (c)), considerations of dangerousness become irrelevant. D.C.Code 1973, § 23–1321(a), provides that "[n]o financial condition may be imposed to assure the safety of any other person or the community." Therefore, in this case, with a postconviction surety bond, the only basis for refusal to reduce it must be found in a necessity to ensure against flight.

The government in its opposition to the motion for release pending appeal takes the position that available information demonstrates that appellant, if released, would pose a threat to the safety of the community and those in close contact with him. It cites ten previous arrests between 1969 and 1972 for burglary, unauthorized use of a vehicle, threats, assault, bribery, and obstruction of justice. Arrests are properly considered as relevant to character in section 23–1321(b) in setting bail. Russell v. United States, *supra; cf.* Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). It also cites a possession of marijuana conviction recently

---

1. The required information is set forth below :

1. Name (including all aliases), date and place of birth ;

2. Marital status, including the number and duration of marriages, the number and ages of children, and the extent to which each child is dependent upon applicant for support (indicate date of each child's birth) ;

3. Health, including any history of major physical or mental illness or of narcotics addiction, and any history of treatment for these disorders (indicate dates) ;

4. Present residence and length of residence in the District of Columbia area, and previous places of residence within the last five years (indicate dates) ;

5. The names and addresses of relatives or other persons who might assist with regard to posting of bail, taking applicant into custody, or providing financial support ;

6. Present financial ability and means of support, past, present, and prospective, including history of employment over the past five years (indicate dates, the nature of employment, and the names and addresses of employers) ;

7. Prior criminal record, including all previous arrests, convictions, admissions to bail, releases on other conditions, probations, and paroles (indicate the nature of the offenses, the amounts of bail or conditions of release, any forfeitures of bail or revocations of release, parole, or probation, the final disposition of the cases, the names of the courts involved, and the relevant dates) ;

8. The nature of the offense or offenses with which applicant is presently charged or for which he has just been convicted, or other basis for his present release or detention, such as narcotics addiction or classification as a material witness (indicate the present status of the case including the dates of arrest, trial, and conviction, the expected completion date of the official transcript, and any other relevant dates) ;

9. The sentence, if any, which he has received (indicate date) ;

10. The nature of the appeal (indicate whether the appeal is in forma pauperis and whether counsel has been appointed) ;

11. The nature of the detention or release under review, including the amount of bail and/or the conditions of release (indicate all relevant dates and all prior detentions or releases, on bail with or without conditions, resulting from the present offense) ;

12. Where the person released or detained has been charged with, but not yet convicted of, an offense punishable by death, the reasons why petitioner believes that one or more conditions of release will, or will not, reasonably assure that the person released or detained will not flee or pose a danger to any other person or to the community ;

13. Where the person released or detained has been convicted of any offense, the reasons why petitioner believes that the released or detained person is, or is not, likely to flee or pose a danger to any other person or to the property of others ;

14. Where the person released or detained has been convicted and sentenced, and has appealed, the reasons (in addition to those given in answer to point #13) why petitioner believes that the appeal does or does not raise a substantial question of law or fact likely to result in a reversal or an order for new trial ; and

15. Any other pertinent information, arguments, or assurances.

affirmed by this court in No. 6373, a pandering conviction, and an assault conviction which also had overtones of violence directed at a woman other than the one victimized in this case. The government urges that we order appellant detained pending appeal and relies on Russell v. United States, *supra*, for appellate court power to do so.

While the government has not proceeded to seek review of the money bond release order by way of motion, as permitted by D.C.App.R. 9(a)(3) and 9(b)(2)(ii), we will treat the opposition as such a motion. Unlike the Bail Reform Act of 1966, where postconviction bail is reviewable de novo, *see* 18 U.S.C. § 3148, and Russell v. United States, *supra*, this court must affirm if the order "is supported by the proceedings below." *See* D.C.Code 1973, §§ 23–1324(b), 23–1325(d). The latter section does permit de novo review of the merit on appeal standard when the finding is that the appeal "does not raise" an issue "likely to result in a reversal or order for new trial".[2] These standards of review, of course, apply whether review is sought by the defendant (§ 23–1324(b)) or the government (§ 23–1324(d)).

 In view of appellant's past record of convictions, character, and the fact of conviction in the instant appeal, we hold that the order setting postconviction bail is unsupported respecting the necessary finding as to nondangerousness and that appellant should have been ordered detained pending appeal. The bail order is vacated. *See* Johnson v. United States, D.C.App., 291 A.2d 697 (1972). "[Appellant] will remain in custody not because [he lacks] the means to make bail, but for the reason that [his] release would present danger to the community"[3] sufficient to preclude a find-

ing "by clear and convincing evidence",[4] or any lesser standard, that he would not be dangerous.

So ordered.

---

2. We do not decide whether we also have de novo review of a finding of likelihood of reversal or a new trial since that question is not posed either affirmatively or negatively.

3. Russell v. United States, *supra*, 131 U.S. App.D.C. at 46, 402 F.2d at 187.

4. D.C.Code 1973, § 23–1325(c).