**Glen E. CROW, Appellant,**

v.

**Clarence M. KELLEY, Appellee.**

**No. 74–1758.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1975.

Decided March 14, 1975.

---

Glen E. Crow, pro se.

Burt C. Hurn, U. S. Atty., and Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, HEANEY, and ROSS, Circuit Judges.

GIBSON, Chief Judge.

In this *pro se* petition for a writ of mandamus, Glen E. Crow, an inmate at the Missouri State Penitentiary, requests that Respondent Kelley, the Director of the Federal Bureau of Investigation, be ordered to remove all false, illegal and unconstitutional information regarding him from the files of the F.B.I. His petition alleges:

> That Respondent is depriving [Crow] of Due Process of Law in violation of the Fourteenth Amendment to the Constitution of the United States, in that Respondent's said F.B.I. files contain reports and information concerning an alleged prior criminal record, which are untrue, and which are a continuous prejudicial threat, and a continuous denial of Due Process.

The District Court[1] dismissed the petition without a hearing and Crow appeals. We affirm.

---

1. The Honorable William R. Collinson, United States District Judge for the Eastern and Western Districts of Missouri.

Jurisdiction in the District Court was asserted on the basis of 28 U.S.C. § 1361, which provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The first and foremost question to be answered on this appeal is what duty, if any, is owed to petitioner regarding the challenged F.B.I. record.[2]

At the present time the F.B.I. maintains records under the statutory authority contained in 28 U.S.C. § 534.[3] That section replaced the authorization existing from 1930 and contained in 5 U.S.C. § 340 (1964).[4] It can thus be seen that a part of the F.B.I.'s duty is the acquisition and preservation of criminal identification records. While not deprecating the serious disabilities that may flow from having an arrest or conviction record,[5] it is also evident that these records may be valuable tools for law enforcement officials, a sentiment evidenced by the Congressional direction to the F.B.I. to accumulate this information as well as to exchange the information with authorized users.

The District of Columbia Circuit has found a limited, and as yet not fully explicated, duty on behalf of the F.B.I. to assure the accuracy of the criminal records it disseminates. Tarlton v. Saxbe, 507 F.2d 1116 (D.C.Cir. 1974). See also Menard v. Saxbe, 162 U.S.App. D.C. 284, 498 F.2d 1017 (1974) (Menard II); Menard v. Mitchell, 430 F.2d 486 (1970) (Menard I). Without questioning the appropriateness of the Tarlton holding in the circumstances presented therein, we find no basis for granting Crow the relief he requests in the present proceeding.

■■■ The allegations of Crow's petition demonstrate a failure to request relief from the local or state authorities with jurisdiction over his arrests and convictions. We are in agreement with the statement of the District of Columbia Circuit in Menard II that

[S]ound principles of justice and judicial administration dictate that in general actions to vindicate constitutional rights, by expungement of arrest records maintained notwithstanding release of the person and absence of probable cause for arrest, be maintained against the local law enforcement agencies involved. The primary duty of executive inquiry into the facts of distant arrests is a burden assigned more appropriately to the local agency whose officials made the arrest than to the FBI.

---

2. It should be noted that petitioner's F.B.I. record is not a part of the record in this case and that petitioner's allegations concerning the record are based at best on his belief in what the F.B.I. record contains. Crow's prayer for relief requests an order directing Respondent to furnish petitioner a copy of the F.B.I. records.

3. That section provides:
(a) The Attorney General shall—
(1) acquire, collect, classify, and preserve identification, criminal identification, crime and other records * * *.

4. Section 340 provided:
There is established under the jurisdiction of the Department of Justice a division of the Federal Bureau of Investigation to be known as the Division of Identification and Information; said bureau shall be vested with the duty of acquiring, collecting, clas-

sifying, and preserving criminal identification and other crime records * * *.

5. These disabilities may include increased vulnerability to police scrutiny—first questioned and last eliminated as a suspect—Davidson v. Dill, 503 P.2d 157, 159 (Colo.1972); whether to testify at trial, Menard v. Mitchell, 139 U.S.App.D.C. 113, 430 F.2d 486, 491 (1970); use in sentencing decisions, United States v. Cifarelli, 401 F.2d 512 (2d Cir.), cert. denied, 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448 (1968); or release pending appeal, Russell v. United States, 131 U.S.App.D.C. 44, 402 F.2d 185 (1968). In addition there is a "social stigma" attached to an arrest record, see United States v. Dionisio, 410 U.S. 1, 10, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), and the existence of an arrest record may foreclose employment opportunity. Menard v. Saxbe, 162 U.S.App.D.C. 284, 498 F.2d 1017, 1024 (1974); Menard v. Mitchell, supra, 430 F.2d at 490 n. 17.

*Menard II, supra*, 498 F.2d at 1025 (footnote omitted).

It is established that the F.B.I. uniformly honors requests from local authorities for the return of "arrest" records, *Menard II, supra* at 1025, and that complete relief from the adverse effects of a void or invalid arrest and conviction cannot be obtained solely from the F.B.I. as the offending record would remain in the files of the local law enforcement agency. It is more appropriate to require petitioners to seek relief where it will be most effective.

A brief recitation of several of the convictions Crow seeks to have expunged will demonstrate the difficulties that would be presented in allowing the present action in the District Court. One misdemeanor conviction is for attempted jail break; a sentence of one year was apparently imposed in 1964 after a 1943 felony conviction for the same offense was vacated in the Missouri state courts. Another is a 1944 Missouri felony conviction for stealing chickens in the nighttime. Although by virtue of location there would not be the same heavy burden of testing the validity of these convictions in federal district court in Missouri as there would be in a locale far removed from Missouri, we do not think a requirement of initially presenting an asserted claim of constitutional invalidity to state or local officials should be limited only to those cases of inconvenience to the district courts. Such a requirement rests upon principles of federal-state comity and judicial and administrative efficiency.

Crow would apparently impose an affirmative duty of inquiry upon the F.B.I. to assure itself of the constitutional validity of arrests and convictions before entering these in the F.B.I. records. No case has yet gone to such a length. In

Tarlton v. Saxbe, 507 F.2d 1116 (D.C.Cir. 1974), the District of Columbia Circuit held that the F.B.I. is under some duty to prevent the dissemination of inaccurate arrest and conviction records, leaving the limits of that duty to be spelled out after remand for consideration of this duty with the countervailing considerations of federalism and administrative efficiency. These countervailing considerations include the potentially huge administrative burden on the F.B.I., the fact that the F.B.I. is not in a position to make judgments as to the constitutional validity of arrests and convictions, and that the duty of inquiry is more appropriately left to the local officials responsible for the arrest and conviction.

Here, Crow's complaint with the F.B.I. is not that its records inaccurately reflect his past arrest and conviction record, but with the underlying validity of those arrests and convictions. In this circumstance we need not intimate any view as to what duty, if any, the F.B.I. is under to assure the accuracy of its records. For without exhaustion of his state or local remedies, we hold that Crow's petition states no cause of action. Just as a federal district court may not pass upon the constitutionality of a state conviction upon a petition for habeas corpus without exhaustion of state remedies being shown, 28 U.S.C. § 2254, we do not think the result should be any different by styling the action a petition for mandamus requesting expungement of the record of conviction.[6] Considerations of federal-state comity require that we give an initial opportunity to the state or local authorities to pass upon the validity of the convictions challenged by Crow.

■ The decision in Menard v. Saxbe, 162 U.S.App.D.C. 284, 498 F.2d 1017 (1974), granting expungement of an

---

6. *Cf.* Preiser v. Rodriguez, 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), wherein the Court stated:

In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judi-

cial relief under those laws. It would wholly frustrate explicit congressional intent to hold that the respondents in the present case could evade this requirement by the simple expedient of putting a different label on their pleadings.

F.B.I. criminal record is of no benefit to petitioner in the present case. Menard's record was ordered expunged upon the basis of that court's interpretation of 28 U.S.C. § 534 to preclude the F.B.I. from maintaining as a criminal record a record of an "encounter" with the police established not to be an arrest. We do not have anything resembling that situation here. We have no difficulty in determining that the record of an arrest and conviction constitutes a criminal record within the meaning of 28 U.S.C. § 534 and, thus, properly is maintained in the F.B.I. criminal files.

The District Court correctly determined it was without jurisdiction to entertain Crow's petition. Its judgment is affirmed.