Beverly Ann IBN–TAMAS, Appellant,

v.

UNITED STATES, Appellee.

No. 11466.

District of Columbia Court of Appeals.

Argued Dec. 9, 1976.

Decided Jan. 5, 1977.

Rehearing and Rehearing En Banc
Denied Feb. 10, 1977.

William E. McDaniels, Washington D.C., with whom Ellen S. Huvelle, Washington, D.C., was on the pleadings, for appellant.

Robert Fabrikant, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D.C., were on the pleadings, for appellee.

## JUDGMENT

Before NEBEKER, Associate Judge, and REILLY, Chief Judge, Retired, and PAIR, Associate Judge, Retired.

PER CURIAM.

On December 9, 1976, this court entered an order requesting the trial court to reconsider the matter of release pending imposition of sentence in this second-degree murder case and there has now been filed the order of the trial judge of December 10, 1976, a supplemental record containing the presentence report and supplemental matter submitted by the parties. Upon consideration thereof and this court having determined it is unable to conclude that the proceedings below fail to support the ruling of the trial court on appeal herein, it is

ORDERED and ADJUDGED that the order on appeal is hereby affirmed.

NEBEKER, Associate Judge, with whom REILLY, Chief Judge, Retired, concurs:

■ Bail and commitment determinations by the trial court are ad hoc matters governed by statutory guidelines. Congress has seen fit to establish quite different rules for the District of Columbia than those in the Bail Reform Act of 1966 (18 U.S.C. § 3146 *et seq.*). Under the 1966 Act, applicable to the federal courts bail after conviction (verdict), which is the situation here, is governed by § 3146, *supra* ("shall . . . be ordered released . . ."), unless the judge has reason to believe that conditions of release cannot insure against dangerousness or flight. On the matter of review, the appellate courts are permitted a de novo determination. The affirm-if-supported-by-the-proceedings-below standard of 18 U.S.C. § 3147(b) was specifically made not applicable to release-after-conviction cases. *See* 18 U.S.C. § 3148, and Fed.R.Civ.P. 46 (1960).

But four years later, when Congress reorganized the District of Columbia Courts,[1] it took precisely the opposite approach on the issue of releasing defendants convicted of a criminal offense in this jurisdiction and awaiting sentence by requiring such persons to be *detained* unless the trial court "finds by clear and *convincing* evidence that [the person] is not likely to flee or pose a danger to any other person or to the property of others." (Emphasis added.) D.C.Code 1973, § 23–1325(b). In other words, once a jury has found a defendant guilty, detention rather than release is the normal rule prescribed by statute for Superior Court judges to follow, unless they can find that the exceptional circumstances defined therein have been shown by "clear and convincing evidence".

■ Moreover, unlike the scope of appellate review of orders denying release for persons convicted of federal crimes, the authority of this court in reviewing trial court dispositions of defendants in a post-conviction, presentence status is very limited, because the affirm-if-supported-by-the-proceedings-below standard of D.C. Code 1973, § 23–1324(d) is specifically made applicable. *See* D.C.Code 1973, § 13–2325(d).

We, therefore have no de novo review authority in this case. This means that although we might be inclined to rule differently, we are limited to a determination of whether there is support in the proceedings below for the order on review.[2] Here our task is to determine existence, or not, of support for an order of detention based on a disposition by the trial judge that he "still remains unconvinced [by clear and convincing evidence] that . . . release at this time will not pose a danger to another". (The foregoing quotation is from the memorandum order of the trial judge issued pursuant to our order of December 9, 1976.)

■ Accordingly, great deference must be given to the trial judge's articulated observations of demeanor and conclusions drawn from exposure to the trial and presentence report. This does not mean that appellate review is virtually precluded but rather that, when articulated circumstances exist which under § 23–1325(b) rationally may lead to denial of release after conviction, that order must be affirmed.

■ In this case many significant factors augur in favor of release. There is no basis to anticipate flight. The trial judge has not considered that as a basis for detention. The killing, we are told, arose out of domestic strife apparently of long standing. Self-defense was rejected and thus malice presumably was found

1. D.C. Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, § 210 (a), tit. II, 84 Stat. 647, D.C.Code 1973, § 23–1325.

2. In view of the unique nature of bail review and the usual lack of a formal record on appeal, the term "proceedings" must be given a more relaxed meaning than usually accorded to review on a record.

from the fact that the husband died by being shot between the eyes at a few inches of range after being knocked to the floor by an earlier shot. He was heard to beg for his life.

In addition to basing detention on the particular circumstances of the murder, the trial judge has also looked to the emotional strain upon and to the reaction of the accused. He has concluded that he "is not *by evidence* clearly convinced that . . . welfare [of the young children of this union] might not indeed be jeopardized by . . . release at this time." (*Ibid*; emphasis in original.) The trial judge has correctly stated his role in this case:

> While it is true that the Court cannot say with absolute certainty what the defendant might or might not do in the future, the burden is not on the trial court to so predict. Congress has placed the burden on the defendant to show the court "by clear and convincing evidence." that the court's fears are not justified. . . . [*Ibid.*]

If we were to undertake to weigh the factors in favor of and against release and conclude that release is required, we would be assuming a de novo role on appeal by failing to recognize that the order denying release does have support in the post-trial proceedings. Although we might be inclined to rule otherwise, we do not have the vantage point of the trial judge to whom under the controlling congressional enactment this court must pay deference if there is any articulable circumstance rationally supporting his disposition of the matter.

PAIR, Associate Judge, Retired, dissenting:

The concern on this appeal is whether *the order denying* bail[1] pending the imposi-

tion of sentence[2] is supported by the proceedings below as required by D.C.Code 1973, § 23–1324(a). Because in my view there is no such support, I would vacate the order and enlarge appellant as provided in such circumstances by D.C.Code 1973, § 23–1321(a).

By her motion for release on bail pending sentence appellant assumed the burden, imposed by D.C.Code 1973, § 23–1325(b), of demonstrating ". . . by clear and convincing evidence that [if released she] is not likely to . . . pose a danger to any other person . . .".

To this end, appellant put on her proof, consisting of testimony and affidavits, in substance as follows:

(1) She has no past criminal record of conviction or arrest and aside from the present conviction, there is nothing in her past life which indicates that, if released, she would likely harm any other person.

(2) She has no history of any major physical or mental illness. She has no narcotics or other addiction and has never been treated for the same. Following the traumatic death of her husband, she had consultations with a psychiatrist.

(3) After the commission of the offense and the return of the indictment, she was released on bail. During the seven months which followed before trial, she exhibited no tendency toward violence and observed each and every condition of her pretrial release. She gave birth to the child she was carrying at the time of the offense and breast-fed that child, and cared for the other child until, following the conviction she was again incarcerated.

(4) The two children, ages three years and five months, are dependent upon her for physical and financial support.

(5) Three respected and responsible members of the community in which she lives have expressed their willingness to

---

1. The trial court in denying bail ruled that appellant, if released, would pose a danger to others.

2. Sentencing has been postponed, we are informed, to permit completion of an evidentiary hearing in connection with the disposition of a motion for a new trial.

assume the role of third-party custodians for her.

(6) The community the court has undertaken to protect supports her release.

This showing made by appellant is uncontradicted in the record. Nevertheless, the trial court denied release on bail, ruling that appellant had not carried her burden. In arriving at this result, the trial court gave no indication that it noticed as possible qualifying considerations that appellant had no prior history of criminal conduct and that, with the exception of the conviction for shooting her husband, her reputation was excellent.

The court did, however, make, at our direction, a number of findings. First, that appellant is a "dangerous person having been convicted of murdering her husband with malice." The court made no effort to relate the conviction to possible danger to any other person that might result if appellant was released. The court evidently deemed it sufficient to say only:

> What more must one do in our society to justify finding that a person, capable of having committed such a crime, poses a danger to others.

It seems not to have occurred to the court that the crime and the circumstances surrounding it were but one of the considerations involved in the determination of the right to bail. *Cf. Chambers v. Mississippi,* 405 U.S. 1205, 92 S.Ct. 754, 30 L.Ed.2d 773 (1972); *Harris v. United States,* 404 U.S. 1232, 92 S.Ct. 10, 30 L.Ed. 2d 25 (1971). Moreover, it must have escaped the attention of the trial court that the crime involved was one of passion, provoked by a marital dispute. It appears that immediately prior to the shooting, appellant, who was at the time five months pregnant, was brutalized by the decedent, kicked in her stomach, and ordered to pack her things and get out.[3]

The court found, next, based upon observations of appellant during the trial, that she was distraught and "was having a difficult time coping with the situation". In addition, the court remembered that defense counsel advised at the trial that during a noon recess appellant "had run, in an obviously distraught condition, from the courthouse and thrown herself on a car".[4] Based on this information, the court feared that appellant might be suicidal and "might be capable of doing harm to others including hers and the decedent's children". It was then said that the court's fears were confirmed after reading the presentence report in which a psychiatrist was quoted as saying that appellant if "left to her own devices . . . might find a destructive solution of her own". Read in context, the sense of what the psychiatrist said was that continued separation from her children by reason of her confinement might provoke appellant to find such a solution of her problems. But aside from all this, the simple fact is that there is not a scintilla of credible evidence in this record to support a finding that appellant is suicidal or that if released she would harm her children or any other person.

What then is there left to say in support of the order denying bail. In making the order, the court obviously regarded as controlling the fact of appellant's conviction of second-degree murder. But, if the controlling consideration in the disposition of an application for bail pending sentence is the conviction itself, then it would be almost impossible for any convicted person to obtain release on bail. I cannot believe that the Congress intended any such result or, if so, that the Eighth Amendment

---

3. Appellant was, of course, convicted of second-degree murder and it is not suggested that the acts of decedent which preceded his death are controlling on appellant's right to bail. However, the events which preceded the shooting do have bearing on the court's characterization of appellant as a dangerous person capable of committing a brutal crime.

4. By affidavit, appellant has represented to the trial court that the incident arose out of a dispute with trial counsel over the terms of a contingent fee contract proposal and that she became so disturbed that she ran from the courthouse to overtake her father and obtain his advice.

would permit such a result. *See* 8 Am. Jur.2d, § 26. *See also* the Conference Report on the District of Columbia Court Reform and Criminal Procedure Act of 1970, where it is said:

> Under the House amendment, a defendant charged under class A with a dangerous crime can be detained, even if he has never been convicted, arrested, charged, or even associated with any criminal conduct other than his present charge. The conference substitute eliminates this possibility. This is accomplished by providing that a person charged with a dangerous crime can be detained only if the judicial officer finds, after considering his pattern of behavior consisting of his past and present conduct, and other factors set forth in section 23–1321(b), that no condition or combination of conditions will reasonably assure the safety of the community. A judicial officer may not issue an order of detention based solely on the nature and circumstances of the dangerous crime charged. Such an order must be based at least in part on the past conduct of the defendant. [H.R.Rep.No.91–1303, 91st Cong., 2d Sess. 239 (1970).]

It is true that the reference there was to pretrial release, but certainly the idea of the whole statutory scheme is that bail should be denied only for the strongest and most compelling reason. *See Harris v. United States, supra; Chambers v. United States, supra;* and *Sellers v. United States,* 393 U.S. 6, 89 S.Ct. 36, 21 L.Ed.2d 64 (1968). *Cf. Russell v. United States,* 131 U.S.App.D.C. 44, 402 F.2d 185 (1968).

While as a general rule we defer to the trial court in matters involving the exercise of discretion, to do so in this case would be to attribute to the Congress nonsense in its enactment of D.C.Code 1973, § 23–1325(b). The reason for this is that the entire focus of that section is on the likelihood of danger to some other person and, as pointed out above, there is nothing in the record which points to the likelihood of any such danger.

The conclusion which, in my opinion, seems compelled, is that the denial of bail in this case was a gross abuse of discretion, which can be countenanced by this court only by default in the exercise of its review function. I would not permit the order to stand.

## ORDER ON PETITION FOR REHEARING EN BANC

PER CURIAM.

On consideration of appellant's petition for rehearing *en banc*, it appears that the court is evenly divided on the question of application. Code 1957, art. 101, § 33(a, c). whether or not the petition should be granted. Accordingly, since a majority of the active judges of the court have not voted to grant the petition, it is

ORDERED that appellant's petition for rehearing *en banc* is denied.

FICKLING, J., recused himself in this matter and did not participate in the foregoing order.