Charles Edward PRUETT,
Plaintiff-Appellant,

v.

Edward H. LEVI, Attorney General of
the United States, et al.,
Defendants-Appellees.

No. 78–1089.

United States Court of Appeals,
Sixth Circuit.

Argued April 17, 1980.

Decided May 22, 1980.

Charles R. Ray, Williams, Lenahan, Thoresen & Ray, Nashville, Tenn., Charles Edward Pruett, pro se, for plaintiff-appellant.

Hal D. Hardin, U. S. Atty., Gary Blackburn, William M. Cohen, Asst. U. S. Attys., Nashville, Tenn., for defendants-appellees.

Before WEICK and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Charles Pruett filed a complaint against the Attorney General of the United States and Director of the Federal Bureau of Investigation (FBI) alleging that his criminal file maintained by the FBI "contains inaccurate and incomplete dispositions which have in the past been detrimental to him and which are presently and will continue to hinder his efforts to seek review of his case or to receive a favorable review by the Pardon and Parole Board."[1] He claimed a deprivation of his constitutional right of privacy and asserted jurisdiction pursuant to 28 U.S.C. § 1331. Pruett asked that the

---

1. The complaint was filed after this Court vacated the district court's dismissal of a prior action by Pruett styled as a petition for writ of habeas corpus.

inaccuracies be "expunged, corrected, or updated." The district court granted the Government's motion to dismiss the complaint, on the ground that Pruett had failed to exhaust his administrative remedies. We affirm.

Pruett has received a copy of his FBI file, as provided for in 28 C.F.R §§ 16.30–.34, 20.34(a)(1979). His complaint does not state the inaccuracies which he alleges are present in his file. Nor does the complaint allege that he requested the FBI to correct particular inaccuracies. An affidavit by a Special Agent Supervisor in the FBI's Identification Division accompanying the motion to dismiss states:

> [B]ased on Mr. Pruett's March 2, 1976, letter, it is not possible to identify the specific entries being challenged.
>
> It should be noted that once the entry or entries under challenge are more clearly identified, this Bureau will expunge any non-Federal arrests at the request of the contributing agency. The FBI Identification Division will return to the contributing criminal justice agency, upon its request, the fingerprint card originally submitted in connection with the arrest. This procedure results in the deletion of the arrest in question from the subject's FBI Identification Record.

App. 12.

Federal regulations control the collection and dissemination of information in criminal files by the FBI and by state and local law enforcement agencies. 28 C.F.R. § 20.1 et seq. (1979). State and local enforcement agencies are required to formulate plans which will insure the completeness and accuracy of criminal records, 28 C.F.R. § 20.-21(a); limit their dissemination, 28 C.F.R. § 20.21(b); provide the individual with access to his file, an opportunity to request corrections, an opportunity to have administrative review of the request, and an opportunity to appeal the denial of a request, 28 C.F.R. § 20.21(g); and require the state or local agencies to inform the FBI and other agencies of any corrections, 28 C.F.R. § 20.21(g). State and local agencies must comply or face the possible loss of federal funds.

Subpart C of the regulations establishes the procedures for the FBI and other federal agencies. Individuals are provided the right to receive copies of their criminal files. 28 C.F.R. § 20.34(a). Individuals are instructed to apply for corrections to the contributing state or local agency; however, requests sent to the FBI will be forwarded to the proper contributing agency. 28 C.F.R. § 20.34(b). The regulations declare that the contributing agency has the responsibility of assuring complete and accurate records, 28 C.F.R. § 20.37, and they provide sanctions against the contributing agency for noncompliance. 28 C.F.R. § 20.-38. The regulations establish time guidelines for reporting dispositions. 28 C.F.R. § 20.37.

On appeal Pruett argues that his complaint was erroneously dismissed because the FBI has an affirmative duty to delete from its files notations on nonserious crimes, 28 C.F.R. § 20.32(b), and notations which lack dispositions. Pruett also contends that the district court should not have dismissed his constitutional claims for failure to exhaust administrative remedies.

■ We must decide the limited question of whether or not Pruett must request particularized relief from the state and local law enforcement agencies and from the FBI before filing a claim for relief in federal court. The FBI has a duty to take reasonable measures to safeguard the accuracy of the information in its criminal files before disseminating them. Tarlton v. Saxbe, 507 F.2d 1116 (D.C.Cir.1974). See also United States v. Doe, 556 F.2d 391 (6th Cir. 1977). The regulations at 28 C.F.R. § 20.1 et seq. are consistent with, and define, that duty. See Tarlton v. Saxbe, 407 F.Supp. 1083, 1089 (D.D.C.1976). A person states a claim against the FBI only if the FBI violates a duty owed to that person, such as contravening its own regulations. See Crow v. Kelley, 512 F.2d 752, 754–55 (8th Cir. 1975).[2] See also Menard v. Saxbe, 498 F.2d 1017 (D.C.Cir.1974). For

---

2. Though Crow is distinguishable because the complainant was challenging the validity of the underlying convictions, its reasoning is still persuasive. Exhaustion of administrative rem-

example, a person would state a claim if a contributing agency sent a corrected notation to the FBI, but the FBI refused or neglected to correct the notation in its files.

Pruett has not alleged or established that the FBI violated any regulation nor has he alleged any reason that would make the regulations' requirements inapplicable or futile. There are no inaccuracies alleged which the FBI must correct itself without further information from contributing agencies. 28 C.F.R. § 20.32(b).[3] He has not alleged that the state or local contributing agencies are unable or unwilling to supply correcting information to the FBI. Furthermore, Pruett has failed to specify any notation which he alleges is inaccurate.

■■■ A person may state a constitutional claim if the FBI disseminates false information, after a proper request for correction has been made, and the false information is used to deprive the person of liberty, such as parole or probation. *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir.) *cert. denied*, —— U.S. ——, 100 S.Ct. 263, 62 L.Ed.2d 181 (1979). However, unless the FBI has violated a duty which it owes to a person, such as contravening its regulations in some manner, it has not injured a person. The mere existence of an inaccuracy in the FBI criminal files is not sufficient for Pruett to state a claim of a constitutional injury. *See Paul v. Davis*, 424 U.S. 693, 712–14, 96 S.Ct. 1155, 1165–1167, 47 L.Ed.2d 405 (1976).

Therefore, the judgment of the district court is affirmed, though without prejudice to plaintiff to bring another claim after exhausting administrative remedies.

edies is favored, because: 1) only by applying to the state or local agency can the individual gain complete, relief, especially if the arrest or conviction itself is challenged; 2) the FBI will honor a request from the contributing agency to make corrections or to return records; 3) judicial and administrative efficiency is enhanced; and 4) such a procedure accords with notions of federal-state comity. 512 F.2d at 752.

3. *Pruett's criminal record does not include any nonserious or excludable offenses after February, 1973. 28 C.F.R. § 20.32(c) and Appendix to 28 C.F.R. § 20.32. The complainant must seek the assistance of the contributing agency to update a notation having no disposition. The regulations do not exclude notations lacking dispositions. 28 C.F.R. § 20.37.*