787 F.2d 592
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN PEROTTI, Plaintiff-Appellant,
v.
R. C. MARSHALL, Defendant-Appellee.
 85-3776
 United States Court of Appeals, Sixth Circuit.
 3/14/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: ENGEL, CONTIE and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the summary judgment entered on appellant's civil rights complaint. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of appellant's informal brief and the record, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant is currently incarcerated at the Southern Ohio Correctional Facility. His complaint, filed pursuant to 42 U.S.C. Sec. 1983, sought to have certain allegedly erroneous information expunged from his prison file. Specifically, appellant disputes the accuracy of information regarding:
 
 
 3
 1. His religious preference (Appellant claims that he is an Orthodox Jew; the prison file indicates that he is a Catholic)
 
 
 4
 2. His involvement in plan for escape from custody.
 
 3. His stabbing a prison guard
 4. His possession of a handcuff key
 
 5
 5. His physical restraint of a nurse at SOCF's infirmary.
 
 
 6
 Appellant contends that this erroneous information be deleted from his file because it would adversely affect his parole eligibility. The district court concluded that appellant's claim failed to rise to the level of a constitutional violation recognizable under 42 U.S.C. Sec. 1983.
 
 
 7
 It has been recognized that a prisoner has a limited right to have erroneous information expunged from his prison file. Paine v. Baker, 595 F.2d 197 (4th Cir.) cert. denied, 444 U.S. 925 (1979); U.S. ex rel Silverman v. Commonwealth of Pennsylvania, 527 F.Supp. 742 (D.C. Pa. 1981), affirmed, 707 F.2d 1395 (3rd Cir. 1983). See also, Pruett v. Levi, 622 F.2d 256 (6th Cir. 1980). A prisoner must alleged that: (1) certain information is in the prison file; (2) the information is false and (3) the information is relied on to a constitutionally significant degree. Paine, supra. Appellant has satisfied the first requirement; a review of the record indicates that he has failed to meet the second requirement.
 
 
 8
 With respect to appellant's allegation that the prison file misrepresents his religious preference, the record reflects that he apparently advised the prison officials that he was a Catholic in 1982. The record further reflects that appellant failed to establish that he was an Orthodox Jew, either by parentage or official conversion. (Furthermore, it is difficult to comprehend how this information could be relied on to a constitutionally significant degree to deprive appellant of any right.)
 
 
 9
 Appellant next contends that information concerning a plan to escape from custody is false. However, the record contains letters from an inmate with whom the escape plan was made which indicate that appellant was planning an attempt to escape. A review of this documentation reveals that there is sufficient justification for the prison officials to conclude that appellant may have been planning an escape. Appellant's belief that other facts outweigh such a conclusion is insufficient to justify relief within the guidelines of Paine, supra.
 
 
 10
 The third piece of contested information concerns appellant's stabbing attack on a prison guard. The record contains an uncontroverted special incident report, attested by the guard, which establishes that appellant did stab him.
 
 
 11
 Appellant's next challenge concerns information that he possessed a handcuff key. Again, the record contains uncontroverted evidence that a prison official discovered a hand-made handcuff key upon which the prison officials based their report.
 
 
 12
 The final data attacked by appellant concerns an incident with a nurse at the SOCF infirmary. As with appellant's other factual challenges, the record establishes that appellant did attempt to restrain the nurse's movements.
 
 
 13
 In conclusion, appellant's allegations concerning the veracity of the information contained in this prison file must fail because the record establishes that there is sufficient documentation to support the prison officials' factual conclusions.
 
 
 14
 It appears that the questions on which this cause depends are so unsubstantial as to not need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that appellant's motion for appointment of counsel be denied and the final judgment of the district court be affirmed.