815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John SCHEWCHUN, Petitioner-Appellant,
v.
Calvin EDWARDS, Respondent-Appellee.
 Nos. 86-1733, 86-1744.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 The government moves to dismiss these appeals from the district court's post-judgment orders denying a motion to reconsider and a motion for an emergency injunction. The petitioner has filed a response to the motion to dismiss. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the petitioner's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner filed a federal habeas corpus case challenging allegedly false information contained in his presentence report which was to be used by the United States Parole Commission (the Commission). The petitioner also challenged the presence of this information in his Bureau of Prisons file. After various proceedings, the district court entered a judgment denying the petition. The petitioner then appealed.
 
 
 3
 Subsequently, the petitioner filed a motion for reconsideration under Rule 60(b), Federal Rules of Civil Procedure. This motion was denied by the district court. The petitioner then filed a motion for an emergency injunction. The district court also denied this motion. The present two cases are the appeals from the orders denying these motions.
 
 
 4
 The government's motion to dismiss argues that this Court lacks jurisdiction over both of these appeals because the appeal from the judgment was pending when both post-judgment motions were denied. Normally, the filing of a notice of appeal divests the district court of jurisdiction over the subject matter involved in the appeal. First National Bank of Salem, Ohio v. Hirsch, 535 F.2d 343, 345 n. 1 (6th Cir.1976) (per curiam ). The district court, however, can consider a Rule 60(b) motion despite the filing of a notice of appeal. Id. at 345-46. Therefore, we affirm the district court's order denying the motion for an emergency injunction because the court lacked jurisdiction. The Rule 60(b) motion will be addressed on the merits.
 
 
 5
 The general rule is that federal prisoners complaining of conditions relating to their custody must exhaust their administrative remedies before habeas corpus relief may be granted. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam ). The petitioner argues that he has a constitutional right to correct erroneous information before he has a parole hearing. In Pruett v. Levi, 622 F.2d 256, 258 (6th Cir.1980) (per curiam ), this Court held in a civil rights case that the plaintiff could not state a constitutional claim concerning allegedly false information in his FBI file unless the information had been used to cause an injury to the plaintiff. By analogy, in the present case there was no violation of plaintiff's constitutional rights because the allegedly false information in the pre-sentence report has not yet been used by the Commission. The petitioner's argument that the information has already been used to deny him parole on the record simply does not state an adequate injury. So the petitioner must follow the general rule and exhaust his administrative remedies. Similarly, the petitioner has no right to habeas corpus relief against the Bureau of Prisons unless the information is used to cause him injury regarding his conditions of confinement.
 
 
 6
 In his response to the government's motion to dismiss, the petitioner alleges that his parole hearings have now been delayed twice by the Commission. If the Commission is delaying its decision unreasonably, the proper course is an action in the district court seeking an order that the hearing be held. It would not be appropriate for this Court to order a hearing at this time.
 
 
 7
 The motion to dismiss is denied. The orders of the district court are affirmed under Rule 9(b)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.